Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Frank Falzett, Appellee.

Submitted on briefs November 17, 1982, to Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Thomas J. Hines,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*John Mercuri,* for appellee.

OPINION BY JUDGE CRAIG, January 14, 1983:

The Pennsylvania Department of Transportation has appealed from an order of the Court of Common Pleas of Monroe County which sustained appellee Falzett's appeal from a motor vehicle operator's license suspension.

The counsel for the appellee motorist timely filed an appeal with the trial court on December 10, 1980 pursuant to The Vehicle Code, 75 Pa. C. S. §1550, and the trial court then scheduled a hearing date for February 11, 1981. However, the motorist's counsel did not give the department any notice of the appeal until he finally enclosed it in a letter to the department dated February 12, 1981, *after* the scheduled hearing date, in which he indicated that a hearing date was yet to come. Thus we have another example of a confused approach in the conduct of a motor vehicle license suspension appeal. *Cf. Pennsylvania Depart-*

*ment of Transportation v. Samek,*    Pa. Commonwealth Ct.    , 454 A.2d 229 (1983).

Naturally, on the February 11 hearing date, with appellee represented, no one had appeared for the department. The trial court set a postponed hearing date for March 9, 1981. The errors continued; the department received no notice of the March 9 hearing date until February 26 because of a mailing error by the prothonotary.[1] Moreover, despite that notice, no one appeared for the department on March 9, either to defend the appeal or to object to the fact that the department had received less than thirty days' notice of the hearing date, as required by 75 Pa. C. S. §1550-(c).

Inexplicably, the department continues to complain that it was never served with the appeal notice. The record is clear that the department was served, as noted above, although in a tardy manner.

Because the department offers no legal authority establishing a time limit for service of such a notice of appeal after it has been timely filed, under law or under local rule of court as was the case in *Grossman v. Mitchell,* 291 Pa. Superior Ct. 385, 435 A.2d 1280 (1981), we must conclude that the timely filing of the appeal put the case within the jurisdiction of the trial court.

The issue of non-observance of the thirty-day notice of hearing, to which the department is entitled under the statute, was never raised by the department in the trial court, although the department clearly could have filed or presented such an objection on or before the date of the March hearing and final order

---

[1] The prothonotary mailed the notice of the continuance to the department with an incorrect zip code. The notice finally reached the department after taking a two-week tour of post offices in the western United States.

of the court. The department cannot raise that question for the first time here because it is not a jurisdictional one; obviously, a violation of the thirty-day hearing notice requirement could not operate to divest the court of jurisdiction after it has vested. The appeal here was perfected by the mailed service of the appeal, although in a tardy manner.

Therefore, because the only possible issue was the inadequate notice of hearing, and that issue was not preserved for appeal, we affirm the order of the trial court.

ORDER

Now, January 14, 1983, the order of the Court of Common Pleas of the Forty-third Judicial District, Monroe County Branch, dated March 9, 1981, is affirmed.