Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Martin Samek, Appellee.

Submitted on briefs November 15, 1982, to Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE CRAIG, January 14, 1983:

This appeal by the Pennsylvania Department of Transportation from an order of the Court of Common Pleas of Allegheny County, sustaining a motorist's appeal under 75 Pa. C. S. §1550 from an operator's license suspension, relies upon the failure of the motorist's counsel to serve the Commonwealth with a notice of the appeal, which had been timely filed in the trial court, although the existence of the appeal did come to the attention of an attorney for the department on the first scheduled hearing date.

This case, along with *Pennsylvania Department of Transportation v. Falzett,* 71 Pa. Commonwealth Ct. 209, A.2d (1983) involving tardy service of an appeal notice in a license suspension appeal, indicates the disturbing growth of an unprofessional practice by attorneys for motorists, consisting of filing appeals whereby an automatic supersedeas of the suspension is obtained under 75 Pa. C. S. §1550(b), but failing to perfect the appeal with notice to the Commonwealth. One result, if the state's defense is not frustrated altogether, inevitably is to delay adjudication of the appeal in the common pleas court—thus, of course, extending the period during which the motorist has the benefit of the automatic supersedeas.

Here the motorist has enjoyed the benefit of a stay of the suspension for over two-and-one-half years up to the present juncture because the motorist's attorney first filed the notice of appeal with the trial court on July 25, 1980. The transcribed record contains that attorney's admission that, although he allegedly planned to mail a copy of the appeal notice to the department, he never did. When the court called the matter for the first scheduled hearing, on September 4, 1980, a departmental attorney was present, apparently in connection with other cases, and he joined in a

postponement of the hearing date until October 9, an interval in compliance with the thirty-day hearing notice requirement of 75 Pa. C. S. §1550(c).

On and after that intial September 4 hearing date, the motorist's attorney still failed to provide any notice of the appeal to the Commonwealth.

However, the department's attorney, thus made aware at least of the docket number, did nothing further except to ascertain that his headquarters had no record of the case. When the October 9 hearing date arrived, the department's attorney was unprepared; understandably displeased with that neglect, the trial judge sustained the appeal and fined the Commonwealth's attorney.

With neglectful practice thus appearing on both sides, we do not believe that the failure of the department's attorney to look into the matter should permit the motorist to benefit from his attorney's failure to perfect the appeal in the first place.

Although we must regard the Commonwealth as having made an appearance on the occasion of the first hearing, the entry of an appearance, even a formal written one, no longer constitutes a waiver of the right to defenses such as that presented here. Pa. R.C.P. No. 1012. *See also* the discussion by Mr. Justice COHEN in *Monaco v. Montgomery Cab Co.*, 417 Pa. 135, 139, n. 1, 208 A.2d 252, 254 n. 1 (1965), indicating that the doctrine of waiver by general appearance no longer has a place in the law except when an application of the Rules of Civil Procedure would lead to such result.

The distinction between this case and *Falzett* is that the department's attorney here definitely raised before the trial court an objection to the continuing absence of service of any appeal notice upon the Commonwealth, and in *Falzett* the department never expressed any objection to the inadequate hearing notice.

As noted above, the filing of the appeal in the trial court was itself timely. We have no legal authority establishing a time limit for serving the notice of appeal thereafter. There is here no claim that such a time limit was established by local rule, as was the case in *Grossman v. Mitchell*, 291 Pa. Superior Ct. 385, 435 A.2d 1280 (1981). Hence, the case does have a jurisdictional foundation, albeit questionable as to its perfection, so that we will not quash the original appeal.

We will vacate the order appealed to this court and remand this case for a hearing, to be held upon thirty days' written notice to the department, with a direction that the appellee's counsel shall serve a copy of the original notice of appeal together with the notice of hearing and shall file proof of service in the trial court.

## ORDER

Now, January 14, 1983, the order of the Court of Common Pleas of Allegheny County dated October 9, 1980 is vacated, and this case is remanded so that the common pleas court shall fix an early date for a hearing of the appeal on the merits, pursuant to thirty days' written notice of a hearing date to the Pennsylvania Department of Transportation, Bureau of Traffic Safety, with a direction that counsel for appellee shall include with the service of such notice a certified copy of the original notice of appeal in the trial court, and shall file in the trial court proof of that service.

---

DISSENTING OPINION BY JUDGE BLATT:

Respectfully, I must dissent.

It is clear that the Department of Transportation (Department) had actual notice, actual knowledge of the hearing scheduled for October 9, for it was a Department attorney who was present at the September

hearing and who requested the continuance. And, although I do not approve of the conduct of counsel for the motorist in failing to send notice of the appeal to the Department, his failure is rendered harmless by the Department's having actually known of the October 9 hearing and having had a full 30 days to prepare a case.

I believe that the Department was clearly guilty of neglect in this matter and I do not believe it should be given another chance.

I would affirm the trial court.