Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Frank J. Pugliano, Appellee.

Submitted on briefs November 14, 1983, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

204

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Donald D. Rossetti,* for appellee.

OPINION BY JUDGE DOYLE, February 9, 1984:

This is an appeal by the Pennsylvania Department of Transportation (Department) from an order of the Allegheny County Court of Common Pleas sustaining a motorist's appeal from a driver's license suspension.

On December 2, 1981, the appellee motorist filed a petition with the court of common pleas, appealing the Department's suspension of his driver's license under Section 1539 of the Vehicle Code, 75 Pa. C. S. §1539. A hearing was scheduled for March 9, 1982, by order of the court dated January 5, 1982, a copy of which was sent to the Department.[1] At the hearing, the Department stated that it had never been served

---

[1] Section 1550(c) of the Vehicle Code, 75 Pa. C. S. §1550(c) requires the court to give the Department thirty days written notice of the scheduling of a hearing.

with a notice of appeal by the appellee and was therefore not ready to proceed. The trial court sustained the appeal for failure to prosecute, noting that the Department had adequate notice of the hearing, and therefore no excuse for its lack of preparation.

Despite the lack of diligence on the part of the Department in preparing its case, we cannot agree that it warrants the sustaining of the appellee's appeal. A notice of appeal from a license suspension must be served upon the Department to perfect the appeal, regardless of whether the Department has otherwise received actual knowledge of the appeal. *Department of Transportation, Bureau of Traffic Safety v. Samek*, 71 Pa. Commonwealth Ct. 209, 454 A.2d 229 (1983). In *Samek*, the Department was never served with a notice of appeal from a license suspension, but became aware of the appeal through the court, which gave the Department thirty days to prepare a case. The motorist's appeal was sustained by the trial court when the Department remained unprepared at the time of the hearing. On appeal, this Court held that the Department's conduct, though neglectful, would not excuse the motorist's failure to perfect service, and remanded the case, directing the motorist to serve the Department and file proof of service with the court.

We find *Samek* to be indistinguishable from the present case.[2] In both cases the Department has raised a timely objection to the appellee's failure to

---

[2] Although in contrast to the facts in *Samek*, the Appellee in the present case contends that he did, in fact, serve a Notice of Appeal upon the Department by first class mail, the record before the trial court contains no proof of any such service. *See Commonwealth v. Korn*, 78 Pa. Commonwealth Ct. 474, 467 A.2d 1203 (1983), in which service to the Department was held to be proper where the court was provided with proof of service in the form of a certified mail receipt.

perfect his appeal. As in *Samek,* however, we shall not quash the appeal on this basis, but rather remand with the direction that the appellee serve the Department with a notice of appeal and file proof of such service with the Court.[3]

ORDER

Now, February 9, 1984, the order of the Court of Common Pleas of Allegheny County in the above referenced matter, dated March 9, 1982, is vacated, and the matter remanded for proceedings on the merits, with a direction that the Appellee serve the Department with the original notice of appeal, and file proof of such service with the trial court.

Jurisdiction relinquished.

---

[3] In *Samek* the court concluded that the timely filing of a notice of appeal together with the lack of any time limit placed upon service provided the case with sufficient jurisdictional foundation to warrant a remand, rather than a quash, of the appeal. 71 Pa. Commonwealth Ct. at 212, 454 A.2d at 230. *See Department of Transportation, Bureau of Traffic Safety v. Falzett,* 71 Pa. Commonwealth Ct. 201, 203, 454 A.2d 231, 232 (1983).