City of Philadelphia, Appellant *v.* Louis Silverman, Appellee.

Argued April 8, 1985, before Judges MACPHAIL, DOYLE and PALLADINO, sitting as a panel of three.

*Barbara S. Gilbert*, with her, *Stephen Bosch, Stephen P. Ulan*, Chief Assistant City Solicitor, and *Barbara W. Mather*, City Solicitor, for appellant.

*Leon W. Silverman*, for appellee.

OPINION BY JUDGE DOYLE, August 30, 1985:

The City of Philadelphia (Appellant) seeks our review of an order of the Court of Common Pleas of Philadelphia County which denied Appellant's petition to reinstate its appeal to common pleas court from an adverse judgment which was entered in Philadelphia Municipal Court on July 28, 1983.

This matter arises out of an enforcement proceeding initiated in Municipal Court against Louis Silverman (Appellee) for alleged violations of the Philadelphia Building Code. On August 9, 1983, Appellant filed a notice of appeal from the judgment in Appellee's favor. On August 10, 1983, Appellant for-

warded a copy of the notice and a code enforcement complaint to Appellee by regular first class mail at his office address in Philadelphia. On September 9, 1983, counsel for Appellee entered an appearance in the common pleas court and filed a praecipe requesting the prothonotary of that court to dismiss the appeal for failure to file a timely proof of service according to Philadelphia Rule of Civil Procedure 310(D). The appeal was accordingly stricken. Appellant filed the affidavit of service on September 15, 1983, and on September 27, 1983, filed a petition to reinstate its appeal. On November 4, 1983, following an argument before the court, the petition was denied.

Rule 310(D) provides as follows:

(D) A copy of the Notice of Appeal shall be filed upon the Deputy Court Administrator of the Municipal Court and shall be served by certified mail or personally upon other parties in interest within twenty (20) days; and Proof of Service shall be filed with the Prothonotary within ten (10) days thereafter. If the Appeal be not thus perfected, upon praecipe of appellee, the Prothonotary shall mark the appeal 'stricken from the record.'

The trial court based its denial of Appellant's petition on the mandatory language appearing in the last sentence of this rule, as well as on his interpretation of the rule as a notice provision designed to ensure due process. Acknowledging that the facts in this case indicated that Appellee did have *actual* notice that an appeal had been taken, the court stated that nevertheless, due process requirements must not be applied on an ad hoc basis.

Appellant argues that Rule 310(D) is inconsistent with two provisions of the Pennsylvania Rules of Civil Procedure: Pa. R.C.P. No. 233, which permits

service of "[a]ll legal papers, except writs and pleadings" by regular mail and which does not specifically require proof of service, and Pa. R.C.P. No. 126, pursuant to which a court always retains discretion to disregard non-prejudicial procedural errors.

In support of his Rule 126 argument, Appellant refers us to the following passage from the Pennsylvania Supreme Court decision in *Byard F. Brogan, Inc. v. Holmes Electric Protective Co. of Philadelphia,* 501 Pa. 234, 460 A.2d 1093 (1983):

> A rule which arbitrarily and automatically requires the termination of an action in favor of one party and against the other based upon a non-prejudicial procedural mis-step, without regard to the substantive merits and without regard to the reason for the slip, is inconsistent with the requirement of fairness demanded by the Pennsylvania Rules of Civil Procedure. Rule 126 is not a judicial recommendation which a court may opt to recognize or ignore.

*Id.* at 240, 460 A.2d at 1096.

Appellee responds by arguing that since Rule 310(D) states that compliance therewith is a requirement for perfection of an appeal, Appellant's failure to comply deprived the common pleas court of subject matter jurisdiction over the cause of action. He also contends that Appellant's failure to comply with the service requirements of Rule 310(D) deprived the common pleas court of personal jurisdiction over Appellee.[1]

---

[1] Insofar as Appellee has raised a question of personal jurisdiction arising out of improper service of the notice of appeal and complaint, an interesting problem is presented. Questions of personal jurisdiction, notice and venue must be raised at the first reasonable opportunity or they are waived. *Commonwealth ex rel. Schwarz v. Schwarz,* 252 Pa. Superior Ct. 95, 99, 380 A.2d 1299, 1301 (1977).

We agree with Appellant that Rule 310(D) is at least partially invalid, albeit for slightly different reasons than those proposed. Although the various courts of common pleas are empowered to promulgate local rules, such rules are invalid to the extent that they conflict with or are inconsistent with general rules, such as the Rules of Civil Procedure. *Gonzales v. Procaccio Bros. Trucking Co.*, 268 Pa. Superior Ct. 245, 407 A.2d 1338 (1979).[2]

Rule 310(D) does not technically conflict with Pa. R.C.P. No. 233, as the latter is concerned only with papers to be served upon a party under any "Rule of Civil Procedure," which we interpret to mean any Pennsylvania Rule of Civil Procedure. Nevertheless, we are able to abstract some meaningful guidance by analogy to the Pennsylvania Rules of Appellate Pro-

---

Improper service was first raised in Appellee's memorandum of law which accompanied his answer to Appellant's petition to reinstate. The praecipe to strike stated only that no affidavit of service had been filed. Arguably, however, the answer was the first reasonable opportunity to raise improper service because it was the first motion or pleading to be ruled upon by the court. Appellant, on the other hand, did not raise the inconsistency of Rule 310(D) with Pa. R.C.P. No. 233 before the trial court at all. However, his first reasonable opportunity to respond to the improper service argument was before this Court. Because of the unusual procedural stance of this matter, and because Appellee's argument regarding personal jurisdiction and subject matter jurisdiction are to some extent interrelated, we will address all of these arguments. Objections to the lack of jurisdiction over the subject matter or cause of action may, of course, be taken at any stage in a judicial proceeding. *Id.*

2 This policy of the Supreme Court of Pennsylvania is currently embodied in Pa. R.C.P. No. 239(b). The Note following this rule indicates that its purpose is "to implement the unified judicial system under the Constitution of 1968, to facilitate the statewide practice of law under this Court's general rules, and to promote the further policy that a general rule of civil procedure normally preempts the subject covered."

cedure, where we see that a notice of appeal is directed to be served either personally or by *first class* mail. Pa. R.A.P. 121(c). We also note that, although proof of service is required to be filed concurrently with a notice of appeal by Pa. R.A.P. 906, failure to file such proof within a definite time period will not affect the validity of the appeal. *See* Pa. R.A.P. 121(d), Pa. R.A.P. 902; *Cf. Department of Transportation v. Florek,* 71 Pa. Commonwealth Ct. 615, 455 A.2d 1263 (1983) (where notice of appeal is timely filed, failure of the notice to comply in form or content with Pa. R.A.P. 904 does not affect the validity of the appeal). We believe therefore that insofar as Rule 310(D) requires a notice of appeal to be served either personally or by certified mail and imposes an arbitrary time limit for filing an affidavit of service, it is *inconsistent* with the underlying reasoning supporting Pa. R.C.P. No. 233, as well as with the general rules and practice governing *appellate* procedure.

Considering this problem in the context of "perfection" of an appeal, we are cognizant of the Note following Pa. R.A.P. 902, which indicates that the procedure contemplated in Chapter 9 of the Rules of Appellate Procedure was intended, *inter alia,* to eliminate the "trap" of failure to perfect an appeal by making the notice of appeal self-perfecting. Appellee is correct that failure to comply with the requirements of a statute or a general rule in perfecting an appeal will deprive a court of subject matter jurisdiction. *Drozdowski v. Keystone Truck Leasing Co.,* 277 Pa. Superior Ct. 55, 419 A.2d 657 (1980). We do not believe, however, that failure to comply with a local rule can have a similar effect.[3] If this were the case, a

---

[3] We note that the Pennsylvania Superior Court has held to the contrary. *See Grossman v. Mitchell,* 291 Pa. Superior Ct. 385, 435 A.2d 1280 (1981), interpreting Philadelphia Rule of Civil Procedure

court would be able to divest itself of jurisdiction merely by erecting its own procedural blockades. In sum, we believe the policy of consistency, premised upon the Rules of Civil and Appellate Procedure, will best be served by holding that, under the facts of this case, Appellant's timely filing of the notice of appeal was sufficient to confer subject matter jurisdiction on the court of common pleas and that any further steps required by local rule (*e.g.*, proof of service) could not thereafter affect the validity of his appeal.[4]

Appellee argues further that Appellant's failure to comply with Rule 310(D) prevented the court from obtaining jurisdiction over his person. He points out that subsection (B) of Rule 310 requires the filing of a complaint within twenty days after the notice of appeal, and argues that even if the notice of appeal was adequately served, the complaint should have been served with process as required by Pa. R.C.P. No. 1009. Appellee apparently believes that the trial court's de novo review of matters appealed from Municipal Court entitles him to original process before he can be subjected to the trial court's jurisdiction.

---

300, which requires service of a notice of appeal in landlord/tenant matters commenced in Municipal Court "within 48 hours after the appeal is taken", as a mandatory prerequisite for perfection of an appeal. *Compare Grossman with Department of Transportation, Bureau of Traffic Safety v. Samek,* 71 Pa. Commonwealth Ct. 209, 454 A.2d 229 (1983) ; *Department of Transportation, Bureau of Traffic Safety v. Falzett,* 71 Pa. Commonwealth Ct. 201, 454 A.2d 231 (1983). These cases are all distinguishable in that they involve the *late* service of a notice of appeal. In the instant case, there is no dispute that service of the notice of appeal was timely, and that the notice was *received* by Appellee. The only issues are the manner of service and the untimeliness of the affidavit of service. *See also Department of Transportation, Bureau of Traffic Safety v. Pugliano,* 80 Pa. Commonwealth Ct. 203, 471 A.2d 165 (1984).

[4] We also note that Section 5571(b) of the Judicial Code, 42 Pa. C. S. §5571(b), requires only that an appeal be *commenced* within thirty days.

There is no merit to this argument. Pa. R.C.P. No. 1009 governs only the service of complaints which *commence* an action. Service of other pleadings, including service of complaints which do *not* commence an action, is governed by Pa. R.C.P. No. 1027, which is much more akin to Pa. R.C.P. No. 233 and Pa. R.A.P. 121 in its liberality, permitting service of a pleading by mailing a copy to the party at his place of business. An appeal to the court of common pleas from a Municipal Court judgment does not institute a new cause of action. There is thus no need to re-obtain personal jurisdiction over the parties by service of process, as such process has already been conferred by a recognized tribunal. *See* Philadelphia Municipal Court Rule 111(a).[5]

We are guided in our decision by an additional Rule of Civil Procedure which became effective in July of 1983, just after the *Brogan* decision and just prior to the decision of the common pleas court in this case. Pa. R.C.P. No. 239(f) provides that "[n]o civil action or proceeding shall be dismissed for failure to comply with a local rule other than one promulgated under Rule of Judicial Administration 1901."[6]

Having rejected Appellee's claims regarding personal and subject matter jurisdiction, we conclude that dismissal for failure to comply with a local rule is exactly what occurred in this case. While the common pleas court surely would have been within its rights in requiring Appellant to *cure* a technical defect such

---

[5] This is the provision currently governing service of complaints in Municipal Court. When this matter was commenced in 1983, similar provisions appeared in former Philadelphia Municipal Court Rule 107.

[6] Rule of Judicial Administration 1901 directs the common pleas courts and the tribunals below them to provide rules for the terminations of actions which have been inactive for an unreasonable length of time.

as a failure to file a proof of service, under the mandate of Pa. R.C.P. No. 239(f) we believe it would be utterly barred from dismissing the appeal on such a ground.[7]

Accordingly, we reverse the decision of the court of common pleas and remand this matter to that court for proceedings on the merits of the appeal.

### ORDER

Now, August 30, 1985, the Order of the Court of Common Pleas of Philadelphia County, No. 1561, August Term, 1983, dated November 4, 1983, is hereby vacated. The court is ordered to reinstate the appeal of the City of Philadelphia, and the record is hereby remanded for proceedings on the merits. Jurisdiction relinquished.

-----

[7] Rule 239(f) was neither brought to the trial court's attention nor argued before this Court.