548 A.2d 1324

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Adam Y. Kessler, Appellee.

*Donald H. Poorman,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE BARRY, October 17, 1988:

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Philadelphia County which sustained an appeal of Adam Y. Kessler (licensee) from a six month revocation of his operating privileges imposed pursuant to Section 1543 of the Vehicle Code, 75 Pa. C. S. §1543.

By official notice dated April 14, 1987, DOT notified the licensee that his operating privileges were to be revoked for six months. The licensee filed an appeal from DOT's action and the matter was scheduled for a de novo hearing on August 4, 1987. The matter was continued, upon DOT's request, from that date, and a hearing was rescheduled on October 1, 1987.

At the rescheduled hearing, counsel for DOT asserted that DOT had never been served with a copy of the licensee's "petition to appeal" and thus had no idea of what was being appealed and was unable to generate the records to satisfy its burden of proof. An individual who identified himself as the licensee's father then proffered a copy of the "petition to appeal" to DOT's coun-

sel. DOT's counsel then requested that this individual provide some proof that the "petition to appeal" had been served upon DOT prior to the hearing. This individual provided no such evidence. Instead he made statements to the trial court which indicate that he believed that someone other than the licensee had the duty of serving a copy of the notice of appeal from the suspension upon DOT.[1] The trial court thereafter sustained the appeal of the licensee. This appeal followed.

In its opinion, the trial court, in sustaining the licensee's appeal stated:

> DOT claimed its failure was a consequence of a lack of notice of the hearing date. We dismissed that assertion as utter nonsense. Indeed official court transcripts show that the Commonwealth received actual notice of the October 1st listing on August 4, 1987. It had requested and had been granted a postponement of nearly sixty (60) days—for example, until October 1st—in which to participate. Meanwhile, Mr. Kessler, who appeared pro se had missed two days from his job. He told us, 'I can't continue to take off from work to come down here.'

> Our judicial system can ill afford to ignore a complaint of that type and expect to enjoy public confidence in its integrity and independence. Our courts are not an extension of the Executive Branch but, instead, a bulwark against its incompetence and excess.

*Kessler v. Department of Transportation, Bureau of Driver Licensing* (No. 3519 May Term, 1987, filed December 21, 1987), slip op. at 1-2. What the trial court failed to perceive, however, is that DOT was not asserting that it had not received notice of the de novo hear-

---

[1] We also note that there is no certificate of service attached to the "petition to appeal" to indicate if a copy of it had been served upon DOT.

ing. Instead, it was asserting that it had never received a copy of the notice of appeal from the license suspension.

In *Department of Transportation, Bureau of Traffic Safety v. Pugliano*, 80 Pa. Commonwealth Ct. 203, 471 A.2d 165 (1984), this Court was faced with a factual scenario almost identical to the present case. The licensee had filed a petition with the court of common pleas appealing DOT's suspension of his driver's license. A de novo hearing on the appeal was scheduled by order of court and a copy of that order was mailed to DOT. At the hearing, DOT stated that it had never been served with a notice of appeal by the appellee and was therefore not ready to proceed. The trial court sustained the licensee's appeal for failure to prosecute, noting that DOT *had adequate notice of the hearing, and therefore no excuse for lack of preparedness*. In reversing the trial court and remanding the matter for proceedings on the merits, this court, relying upon our prior decision in *Department of Transportation, Bureau of Traffic Safety v. Samek*, 71 Pa. Commonwealth Ct. 209, 454 A.2d 229 (1983), stated:

> Despite the lack of diligence on the part of the Department in preparing its case, we cannot agree that it warrants the sustaining of the appellee's appeal. A notice of appeal from a license suspension must be served upon the Department to perfect the appeal, regardless of whether the Department has otherwise received actual knowledge of the appeal. . . . In *Samek*, the Department was never served with a notice of appeal from a license suspension, but became aware of the appeal through the court, which gave the Department thirty days to prepare a case. The motorist's appeal was sustained by the trial court when the Department remained unprepared at the time of the hearing. On appeal,

this Court held that the Department's conduct, though neglectful, would not excuse the motorist's failure to perfect service, and remanded the case, directing the motorist to serve the Department and file proof of service with the court. (Citation omitted.)

We find *Samek* to be indistinguishable from the present case. In both cases the Department has raised a timely objection to the appellee's failure to perfect his appeal. As in *Samek*, however, we shall not quash the appeal on this basis, but rather remand with the direction that the appellee serve the Department with a notice of appeal and file proof of such service with the Court.

80 Pa. Commonwealth Ct. at 205-06, 471 A.2d at 165-66. To the same effect is this Court's decision in *McNeilis v. Department of Transportation*, 119 Pa. Commonwealth Ct. 272, 546 A.2d 1339 (1988).

Accordingly, pursuant to *Pugliano, Samek* and *McNeilis*, the order of the trial court is vacated. This matter is remanded to the trial court for proceedings on the merits, with a direction that the licensee serve the Department with a copy of the "petition to appeal" and file proof of such service with the trial court.

ORDER

NOW, October 17, 1988, the order of the Court of Common Pleas of Philadelphia County dated October 3, 1987, at No. 3519 Civil Division, May Term, 1987, is hereby vacated. This matter is remanded to the trial court for proceedings on the merits, with a direction that the licensee serve the Department with a copy of the "petition to appeal" and file proof of such service with the trial court.

Jurisdiction relinquished.

This decision was reached prior to the resignation of Judge MACPHAIL.