**Appeal of MIDLAND LAND & WATER TRANSPORTATION, INC. from Assessment of Property in Midland Borough as Determined by the Board of Assessment Appeals No. 33–001–103.010.**

**Appeal of MIDLAND LAND & WATER TRANSPORTATION, INC.,**
**Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 19, 1998.
Decided May 21, 1998.

Sally E. Edison, Pittsburgh, for appellant.

Before McGINLEY and FRIEDMAN, JJ., and McCLOSKEY, Senior Judge.

McGINLEY, Judge.

Midland Land and Water Transportation, Inc. (Midland) appeals from an order of the Court of Common Pleas of Beaver County (common pleas court) denying Midland's petition for allowance of appeal from the Beaver County Board of Assessment Appeals (Board).

On or about September 23, 1993, Midland filed an appeal to the Board contesting its 1994, tax assessment for property owned in Beaver County. The Board held a hearing and reduced the assessed value of Midland's property from $410,850 to $302,000. The Board notified Midland of the reduction by mail on December 30, 1993.

On January 26, 1994, Midland, believing that the Board should have further reduced the assessment, filed a tax assessment appeal with the common pleas court. There was no activity on the appeal until July 1997, when Midland petitioned and requested that "An appeal to the Court of Common Pleas of Beaver County, Pennsylvania, from the decision of the Board of Assessment Appeals of Beaver County be allowed." Midland Land & Water Transportation, Inc. Petition for Allowance of Appeal at 2; Reproduced Record at 16a. Midland also attempted to correct any procedural defects in the 1994, appeal. Midland called the July 1997, pleading a petition for allowance of appeal and enclosed a proposed preliminary decree [1] to conform to local rule L8000 (Local Rule).[2]

After hearing on July 30, 1997, the common pleas court denied Midland's petition for allowance of appeal. In its opinion dated October 3, 1997, the common pleas court determined that the 1994 appeal, though timely filed, did not conform to the Local Rule because it was not titled as a "Petition for Allowance of Appeal" and did not include a proposed preliminary decree.

The common pleas court reasoned that the "local rule is not in derogation of any statute or general rule promulgated by the Supreme Court." Common Pleas Court Opinion, October 3, 1997, at 4. The common pleas court also reasoned that the taxing authorities

1. The 1994, appeal was called a "Notice of Tax Assessment Appeal" and did not contain a proposed preliminary decree.

2. The Local Rule provides:

A. In all cases, an appeal taken from a real estate assessment fixed by the Board of Assessment Appeals shall be presented or filed in the form of a Petition for Allowance of Appeal.
B. The Petition ... shall have attached to it a proposed preliminary decree which shall provide:
1. that the appeal is allowed;

2. that the taxing authorities are hereby notified [of how to procure leave to intervene]; and
3. that within five days from the date of filing of the preliminary decree, appellant shall serve a copy of the petition and preliminary decree upon [the interested parties].
C. If the Petition ... is initially filed in the Prothonotary's Office, within five [5] days after such filing the petition and ... decree shall be presented to the Court for entry of a preliminary decree.
Rule L8000, Court of Common Pleas of Beaver County.

would be prejudiced by permitting the relief requested because they had already collected and spent the taxes for the years after the appeal was taken.

■ Midland contends that the common pleas court erred in applying the Local Rule and effectively denied Midland the right to appeal from a tax assessment, a right established by the General Assembly and the Pennsylvania Constitution. Midland asserts that the common pleas court erred even if it did not comply with the Local Rule because Midland's appeal did comply with the applicable statute.[3]

Initially, Midland contends that the common pleas court committed an error of law by elevating the Local Rule over the procedure established by the state legislature and the Pennsylvania Constitution. Section 704(a) of the Fourth to Eighth Class County Assessment Law (Assessment Law)[4] provides:

> [A]ny person who shall have appealed to the board for relief from any assessment, who may feel aggrieved by the order of the board in relation to such assessment, may appeal from the order of the board to the court and thereupon the court shall proceed at the earliest convenient time to be by them appointed, of which notice shall be given to the board to hear the said appeal and the proofs in the case, and to make such orders and decrees determining from the evidence submitted at the hearing.

Section 704(b) of the Assessment Law provides that in any assessment appeal the court shall determine the market value of the property, the applicable common level ratio, and apply either the predetermined ratio to the market value or the common level ratio to the market value. 72 P.S. § 5453.704(b). Section 704(f) of the Assessment Law directs

that so long as the appeal is pending before the board or before a court, the appeal shall include subsequent tax years since the filing of the appeal. 72 P.S. § 5453.704(f). Midland cites Article 5, Section 9 of the Pennsylvania Constitution which grants that there shall be a right of appeal in all cases.

Midland contends that the Local Rule conflicts with the relevant statutory and constitutional provisions and that the common pleas court erroneously treated Midland's appeal as a discretionary appeal rather than an appeal as of right. Further, Pa. R.C.P. No. 239(b)(1) provides that local rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly.[5]

This Local Rule did not set forth a remedy for an appeal that remains inactive for an unreasonable period of time. Rather, the Local Rule addresses only the form and format of an appeal from the Board. In *City of Philadelphia v. Silverman*, 91 Pa.Cmwlth. 451, 497 A.2d 689 (1985), we held that the dismissal of an action for failure to conform to a local rule violated Pa. R.C.P. No. 239(f). In *Silverman*, the City of Philadelphia (City) had initiated proceedings against Louis Silverman (Silverman) in Philadelphia Municipal Court for violations of the Philadelphia Building Code. Silverman prevailed in Municipal Court, and the City appealed to the Court of Common Pleas of Philadelphia County (court of common pleas). The City failed to file a proof of service with the prothonotary within ten days after serving Silverman with the notice of appeal as required by Philadelphia Rule of Civil Procedure 310(D). Silverman praeciped the prothonotary to dismiss the appeal for failure to file a timely proof of service. The appeal was stricken. The City subsequently filed the proof of service and a petition to reinstate the appeal which the court denied. *Sil-*

---

**3.** Our review is limited to determining whether the common pleas court abused its discretion, committed an error of law or whether its decision was supported by substantial evidence. *Westinghouse Electric Corp. (R & D Center) v. Board of Property Assessment, Appeals and Review of Allegheny County*, 539 Pa. 453, 652 A.2d 1306 (1995).

**4.** Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. § 5453.704(a).

**5.** Although Midland failed to raise this point, Pa. R.C.P. No. 239(f) states "Failure to comply with a local rule, other than one promulgated under Rule of Judicial Administration 1901, cannot be sanctioned for dismissing a civil action." Rule of Judicial Administration 1901 directs each court to provide a local rule for the termination of matters which have been inactive for an unreasonable period of time.

*verman,* 497 A.2d at 690. On appeal to this Court, neither party raised the applicability of Pa. R.C.P. 239(f). However, we observed that the case was dismissed for failure to comply with a local rule and held:

> While the common pleas court surely would have been within its rights in requiring Appellant to *cure* a technical defect such as a failure to file a proof of service, under the mandate of Pa. R.C.P. No. 239(f) we believe it would be utterly barred from dismissing the appeal on such a ground. (emphasis in original).

*Silverman,* 497 A.2d at 693.

■ Here, the common pleas court dismissed Midland's appeal for failure to comply with the Local Rule. The Local Rule was not promulgated under Rule of Judicial Administration 1901. As in *Silverman,* no party raised the applicability of Pa. R.C.P. No. 239(f). The common pleas court mentioned the hardship placed upon the taxing authorities if Midland's appeal were allowed to go forward, but did not recognize the hardship placed upon Midland. The Assessment Law takes into account the probability that an appeal will affect subsequent tax years. The common pleas court's dismissal of Midland's appeal is reversed and the appeal reinstated. This matter is remanded for a hearing on the merits.

### *ORDER*

AND NOW, this 21st day of May, 1998, the order of the Court of Common Pleas of Beaver County in the above captioned matter is reversed, Midland Land & Water Transportation, Inc.'s appeal is reinstated and this case is remanded to the Court of Common Pleas of Beaver County for a hearing on the merits. Jurisdiction relinquished.

