IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hempfield Area School District, :
                        Appellant :
                                   :
        v.                         :    No. 981 C.D. 2020
                                   :    Submitted: May 10, 2021
Westmoreland County Board of       :
Assessment Appeals                 :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                                      FILED: June 28, 2021


          Hempfield Area School District (School District) appeals the order of

the Court of Common Pleas of Westmoreland County (trial court) that dismissed the

School District's appeal of the tax assessment of real property owned by Dana and

Stefanie Smith (Taxpayers).  The trial court did so because the School District did

not comply with several of the Westmoreland County Rules of Civil Procedure

governing tax assessment appeals.  Before this Court, the School District argues that

the trial court should not have dismissed its tax appeal because a failure to follow

local court rules does not warrant the dismissal of a tax assessment appeal.  For the

following reasons, we affirm the trial court.

### Background

          On August 1, 2018, the School District challenged the tax assessment

for Taxpayers' residential property located at 429 Mount Thor Road in Greensburg,

Pennsylvania, and designated as Tax Map No. 50-15-00-0-051.  By decision dated

October 9, 2018, the Westmoreland County Board of Assessment Appeals (Appeal Board) denied the School District's request to increase the assessment on Taxpayers' property. The School District then timely petitioned for allowance of appeal from the Appeal Board's adjudication.[1]

The School District's appeal of Taxpayers' assessment was docketed as No. 5194 of 2018. On the time-stamped copy of the appeal returned to the School District, the Prothonotary's Office wrote Docket No. 5189 of 2018, which concerned the School District's appeal of the Appeal Board's assessment of property owned by 7-Eleven, Inc. The Prothonotary made a similar transcription error on five other assessment appeals filed by the School District.

The School District served Taxpayers and the Appeal Board with a copy of its time-stamped appeal of Taxpayer's assessment bearing the Docket No. 5189 of 2018. Thereafter, the School District took no steps to advance its assessment appeal to a hearing.

On or about June 9, 2020, Taxpayers filed a petition to dismiss the School District's appeal docketed at No. 5194 of 2018. Attached thereto was a copy of the petition for allowance of appeal of Taxpayers' assessment that the School District had served on Taxpayers with the erroneous docket number. Taxpayers' petition to dismiss asserted that the School District had not effected valid service on them. On July 7, 2020, the trial court conducted a hearing on Taxpayers' petition to dismiss. At the conclusion of the hearing, the trial court granted Taxpayers' petition and dismissed the School District's tax assessment appeal.

---

[1] Although the School District styled its petition as a petition for allowance of appeal, the School District has the right to appeal any assessment within its jurisdiction. *See* Section 8855 of the Consolidated County Assessment Law, 53 Pa. C.S. §8855; *Bethlehem Area School District v. Board of Revenue Appeals of Northampton County*, 225 A.3d 212, 219 (Pa. Cmwlth. 2020).

2

The School District then sought reconsideration. It argued that (1) the incorrect docket number was the fault of the Prothonotary and not the School District; (2) an action cannot be dismissed on grounds of clerical error where the moving party has attempted service in good faith and the other party has actual notice; and (3) Taxpayers were not prejudiced by the incorrect docket number on the School District's notice of appeal. The School District's appeal had correctly identified Taxpayers and their property.

On July 29, 2020, the trial court issued an order scheduling a September 2, 2020, hearing on the School District's reconsideration request. Trial Court Order, 7/29/2020, at 2; Reproduced Record at 225a (R.R. __). The order authorized Taxpayers to file an amended petition to dismiss, and Taxpayers did so. In their amended petition, Taxpayers argued, *inter alia*, that the School District failed to comply with Westmoreland County Local Rule (Local Rule) W6001(d) with regard to service of the tax assessment appeal, and Local Rule W6001(f)(2) with regard to scheduling a status conference within 45 days of a tax appeal.

At the hearing on September 2, 2020, Taxpayers argued that they did not receive fair and reasonable notice of the School District's appeal. First, they were not served with a tax assessment appeal with the correct docket number. Second, the appeal was not served by certified mail. Third, the School District failed to provide the trial court with a proposed order for a status conference within 45 days of filing its appeal.

The Appeal Board argued the School District's errors were significant, not *de minimis*. It argued that the School District is well versed in the Local Rules on tax assessment appeals and simply failed to perfect its appeal. Had the School District filed an order for a status conference, as required by the Local Rules, the

3

School District's service errors could have been promptly resolved. Relying on Local Rule W6001,[2] the Appeal Board argued that cases that have been inactive for an unreasonable period of time can be dismissed, and this was the case for the School District's assessment appeal.

In response, the School District acknowledged the tax assessment appeal it sent to Taxpayers had the wrong docket number. Nevertheless, Taxpayers received actual notice of that assessment appeal. With respect to the requirements to serve a tax appeal by certified mail and to file a proposed order for a status conference within 45 days of an appeal, the School District argued that these departures from the Local Rules did not warrant dismissal of its assessment appeal.

The trial court granted Taxpayers' amended petition to dismiss the School District's tax assessment appeal. It did so because other than the timely filing of its appeal, the School District had not complied with the Local Rules. The court was particularly concerned about the School District's failure to have a status conference scheduled, explaining that but for the petition filed by Taxpayers' counsel,

> we would have never known about it, it never would have come to light even. That's not blaming anybody. It's just life in the big city so to speak. It still would have sat and sat and sat unless he did what he did.

---

[2] It states, in relevant part, that:

> IN CASES THAT HAVE BEEN INACTIVE FOR AN UNREASONABLE PERIOD OF TIME, ON MOTION OF ANY PARTY THE COURT MAY ISSUE A RULE TO SHOW CAUSE WHY THE APPEAL SHOULD NOT BE TERMINATED. THE COURT UPON RETURN OF SAID RULE MAY TERMINATE INACTIVE CASES PURSUANT TO THE STANDARDS AND PROCEDURES ARTICULATED IN PA. R.C.P. NO. 230.2.

Rule W6001 (emphasis in original).

Hearing Transcript, 9/2/2020, at 22 (H.T. __); R.R. 414a.

With respect to the School District's request for reconsideration, the trial court noted that it gave the School District an opportunity to correct the docket numbers on five other 2018 tax assessment appeals. It explained as follows:

> I distinctly remember indicating to make sure, which you did, to provide copy of notice of service of that order to all those people. You were kind enough to do that and present that and filed the practical service. I remember saying at this time if these people, you know, once they get served within 30 days of service, if they don't come and file a [p]etition for [r]econsideration saying, hey, we're prejudiced or this or that, then all of the mistakes that I'm saying are in favor of [Taxpayers], they can't raise it. That was the purpose of your July 30, 2020 order that corrected all the errors that I claim are prejudicial to the people at [N]o. 5194.

H.T. 23-24; R.R. 415a-16a. The trial court continued:

> For those reasons, rightly or wrongly, for all the people for the numbers I just read, they're stuck now. *You corrected it so to speak with the correct service and things like that*.

H.T. 24; R.R. 416a (emphasis added).

However, the School District made no effort to serve Taxpayers with a corrected copy of its petition for allowance of appeal. The trial court noted that "at no time during the two years that this matter was pending did [the School District] ever initiate, on its own, any effort to correct any of the substantive errors in the matter that existed." Trial Court PA. R.A.P. 1925(a) Op. at 9. Concluding that Taxpayers did not receive "fair and reasonable notice" of the appeal, the trial court dismissed the School District's appeal with prejudice. *Id*.

The School District appealed.

5

## Appeal

On appeal,[3] the School District raises two issues. First, it argues that because it is not responsible for the Prothonotary's docketing error, its appeal should not have been dismissed. Second, it argues that failure to comply with the Local Rules does not warrant a dismissal of its tax appeal.

## Applicable Legal Principles

The Pennsylvania Rules of Civil Procedure do not apply to tax assessment appeals. *Expressway 95 Business Center, LP v. Bucks County Board of Assessment*, 921 A.2d 70, 77 (Pa. Cmwlth. 2007). It is for our courts of common pleas to adopt rules on the subject of tax assessment appeals. *Appeal of Borough of Churchill*, 575 A.2d 550, 554 (Pa. 1990).

Westmoreland County has adopted "Local Rules for Tax Assessment Appeals." With respect to notice of a tax assessment appeal, the Local Rule states as follows:

> (d) Notice. Within five (5) days from the date of filing a tax assessment appeal, *the appellant shall serve a copy of the appeal upon all other parties including the Board, the County, the municipality,* and the school district in which the real estate is situate; *and upon the property owner, if the owner is not the appellant. Service shall be by certified mail*, return receipt requested and by first class mail, postage pre-paid or personal service by hand delivery and acceptance by the served party. *A certificate of service shall be filed by the serving party within ten (10) days of said service.*

Rule W6001(d) (emphasis added).

---

[3] Our review in tax assessment matters determines whether the trial court abused its discretion, committed an error of law, or reached a conclusion not supported by substantial evidence. *Herzog v. McKean County Board of Assessment Appeals*, 14 A.3d 193, 199 n.15 (Pa. Cmwlth. 2011).

6

Once the tax assessment appeal has been served, the Local Rules next require the appellant to propose a status conference within 45 days of service upon the Appeal Board. The rule states as follows:

> (2) *The [a]ppellant shall provide to the Court a proposed order for a status conference within forty-five (45) days from the date of service of the appeal upon the Board of Assessment Appeals.* The [a]ppellant shall provide the Court with a self-addressed, envelope, postage pre-paid, in which the Court will return the executed original order to said [a]ppellant. Upon receipt of the order scheduling the status conference, the [a]ppellant shall promptly file the original order with the Prothonotary and serve a copy of the order on all parties and/or each attorney of record by first class mail. A Certificate of Service showing the same shall be filed with the Prothonotary within ten (10) days of said service. All parties must appear personally or through counsel at the status conference[.]

Rule W6001(f)(2) (emphasis added).

With this review in mind, we turn to the School District's appeal.

### I. Incorrect Docket Number

The School District argues that the trial court erred in dismissing its assessment appeal for the stated reason that it sent Taxpayers a notice of appeal with an incorrect docket number. It is undisputed that the Prothonotary placed the incorrect docket number on the time-stamped copy of the School District's appeal. However, the petition for allowance of appeal correctly identified Taxpayers, their property and the basis of the School District's appeal. The School District argues that it should not be punished for the Prothonotary's mistake where Taxpayers had actual notice and the School District attempted service in good faith.

Taxpayers respond that they were never properly served. The appeal they received bore the wrong docket number and was delivered by first-class mail,

not by certified mail. Accordingly, the School District did not perfect its appeal. Taxpayers contend that the trial court did not abuse its discretion in dismissing the School District's assessment appeal. The Appeal Board responds that the School District presented no evidence at either hearing.

This Court has expressed the view that cases should not be dismissed on technicalities, particularly where the error is made by the court. *See, e.g.*, *Lake Erie Promotions, Inc. v. Erie County Board of Assessment Appeals*, 60 A.3d 194, 200-201 (Pa. Cmwlth. 2012) (where school district filed its appeal at the incorrect docket number, the trial court should have consolidated the matters instead of dismissing school district's appeal). Pennsylvania Rule of Civil Procedure No. 126 provides that:

> [R]ules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

PA. R.C.P. No. 126. Section 708(a) of the Judicial Code states that "[n]o objection to a governmental determination shall be defeated by reason of error in the form of the objection or the office of the clerk of court in which the objection is filed." 42 Pa. C.S. §708(a).

Here, the School District served Taxpayers with a time-stamped copy of the appeal, albeit with the wrong docket number. Nevertheless, the petition for allowance of appeal was mailed to Taxpayers; identified Taxpayers as the "legal owners" of the property situated at "429 [Mount] Thor Rd., Hempfield Township, Westmoreland County;" and correctly identified the property as "Parcel No. 50-15-00-0-[0]51." R.R. 282a. Attached to the appeal was a copy of the Assessment

8

Board's Final Notice of Change in Assessed Valuation, which also contained the Property's parcel number and the Taxpayers' names.

The School District's failure to serve Taxpayers with a copy of the appeal with the correct docket number did not, in itself, constitute grounds to dismiss its assessment appeal. To hold otherwise would exalt form over substance. *Appeal of J.C. Penney Co., Inc.*, 492 A.2d 1189, 1190 (Pa. Cmwlth. 1985) (an appeal lacking the required tape to cover the staples and the attorney identification sheet does not provide grounds to dismiss the appeal).

## II. **Noncompliance with Local Rules**

The School District concedes that it did not serve the appeal by certified mail, return receipt requested, or move its appeal forward by seeking a status conference with the court, as required by the Local Rules. It again argues that these omissions are *de minimis* and do not warrant dismissal. In support, it refers this Court to *Appeal of Midland Land & Water Transportation, Inc.*, 711 A.2d 612 (Pa. Cmwlth. 1998); *Weinhold v. Brecknock Township Zoning Hearing Board*, 635 A.2d 244 (Pa. Cmwlth. 1993); and *City of Philadelphia v. Silverman*, 497 A.2d 689 (Pa. Cmwlth. 1985).

Taxpayers respond that the trial court did not abuse its discretion because the School District did not provide fair notice of the appeal to Taxpayers. By not moving the matter to a status conference, the School District's appeal sat dormant for over 21 months before Taxpayers' counsel, by happenstance, learned of the correct case number. Taxpayers' Brief at 5. For its part, the Appeal Board argues that the School District's failure to effect valid service and to set up the status conference were not *de minimis* omissions. Rather, they prejudiced Taxpayers' ability to defend the appeal. Appeal Board Brief at 6-7.

9

Dismissal of an action for failure to comply with a local rule is disfavored. Pennsylvania Rule of Judicial Administration No. 103(d)(8) states:

> No pleading or other legal paper shall be refused for filing based upon a requirement of a local rule. No case shall be dismissed nor request for relief granted or denied because of failure to initially comply with a local rule. In any case of noncompliance with a local rule, the court shall alert the party to the specific provision at issue and provide a reasonable time for the party to comply with the local rule.

PA. R.J.A. No. 103(d)(8). In *Appeal of Midland Land & Water Transportation, Inc.*, 711 A.2d 612, this Court held that a taxpayer's failure to comply with a local court rule on the form of an appeal from a property tax assessment does not warrant the appeal's dismissal. Likewise, in *Weinhold*, 635 A.2d at 247, this Court stated that the lower court abused its discretion in dismissing the landowner's appeal of a zoning board decision for failure to file a timely brief without first giving the landowner "notice of the proposed dismissal" and "an opportunity to respond and explain the reasons for failing to timely file his brief, the merits of which [the lower court] could either accept or reject in a well-reasoned opinion." In *City of Philadelphia*, 497 A.2d 689, this Court reversed the lower court's decision dismissing the City's appeal for failure to comply with a local rule, but observed that the lower court was within its rights to require the City to cure the technical defect. *Id.* at 693.

It is undisputed that the School District did not comply with the requirements of Local Rule W6001(d). As explained by the trial court in its PA. R.A.P. 1925(a) opinion:

> [Taxpayers] were not served at the proper docket number, the notice of appeal they *were* served with was not applicable to their particular property, [Taxpayers] were not served by certified

10

mail, return receipt requested nor was a status conference request made to the [trial c]ourt, or an [o]rder with a scheduled status conference served upon [Taxpayers].

As indicated by counsel for [Taxpayers], even after the errors were discovered in June, 2020, there was never an effort to correctly serve the property owners, thereby denying the property owners of the "fair and reasonable notice" to which they are entitled…. In fact, at no time during the two years that this matter was pending did [the School District] ever initiate, on its own, any effort to correct any of the substantive errors in the matter that existed.

Trial Court PA. R.A.P. 1925(a) Op. at 8-9.

The School District was informed that it had not complied with the Local Rules at the hearings on July 7, 2020, and July 29, 2020. Further, the trial court's July 29, 2020, order provided as follows:

2. If the matter does not settle, [C]ounsel for [Taxpayers] shall filed an amended Petition to Dismiss Assessment Appeal [on or] before **Friday, August 14, 2020,** with copies to the opposing parties and the [trial c]ourt.

3. Opposing parties shall file a responsive pleading, with copies to all opposing counsel and the Court, [on] or before 10 days thereafter, or by **Monday, August 24, 2020.**

4. Oral argument will thereafter be held on the record before the undersigned on **Wednesday, September 2, 2020 at 1:30 p.m. in Courtroom 7.**

Trial Court Order, 7/29/2020, at 2; R.R. 225a (emphasis in original). Stated otherwise, the trial court gave the School District an opportunity to correct its service mistakes before Taxpayers were required to file their amended petition for review. However, the School District did not act.

11

In *Kesarkar v. Birmingham Township* (Pa. Cmwlth., Nos. 428 C.D. 2020 and 642 C.D. 2020, filed April 6, 2021) (unreported),[4] this Court considered the dismissal of multiple land use appeals for the stated reason that the appellants did not file a brief as required by the local rules. Further, the local rules authorized the dismissal of the matter where an appellant's brief was not timely filed. The trial court granted the appellees' motion to dismiss for failure to comply with the local rules.

On appeal, the appellants argued that Pennsylvania Rule of Judicial Administration No. 103(d)(8) required the trial court to give them a reasonable amount of time to comply, after notice that they had not filed their brief on time. The Court held the appellants had waived this argument. Even so, we concluded that the trial court's decision did not contravene Rule of Judicial Administration No. 103(d)(8). The trial court's scheduling order had specifically stated that the parties were to follow the local rule on briefs. The appellants had notice that they had not abided by the local rule and had time to correct their mistake, but they did not do so. We observed that "courts are entitled to impose sanctions for noncompliance with procedural rules and such determinations will not be disturbed absent an abuse of discretion." *Kesarkar*, slip op. at 12 (quoting *Muth v. Ridgway Township Municipal Authority*, 8 A.3d 1022, 1027 (Pa. Cmwlth. 2010)). In short, appellate courts are mindful of the trial court's prerogative to govern the administration of their litigation.

The cases cited by the School District do not require another result. In *Appeal of Midland Land & Water Transportation, Inc.*, *Weinhold*, and *City of*

---

[4] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

12

*Philadelphia*, this Court held that the lower courts erred in dismissing the appeals for failure to comply with the local rules. None of the parties had been given the opportunity to explain the reasons for failing to comply with the local rules. In contrast, here, the trial court gave the School District an opportunity to explain its reasons for failing to comply with the Local Rules. In fact, after being made aware by the trial court that it had failed to comply with the Local Rules, the School District had more than a month to correct its errors.

The Local Rules require the appellant in a tax assessment case to request a status conference within 45 days of filing its appeal. This ensures that a case does not languish on the docket. Although the School District appealed in 2018, the appeal automatically includes all subsequent tax years, *i.e.*, the years 2019 to present. *In re P-Ville Associates*, 87 A.3d 898, 901 (Pa. Cmwlth. 2014) ("[S]o long as an assessment 'appeal is pending' before the board or trial court, subsequent assessments are automatically appealed."). In short, the School District's failure to follow the Local Rule significantly increased the burden on, and risk to, Taxpayers, who were called upon to defend against the School District's challenge to the Appeal Board's ruling.

The School District was given the opportunity to correct the deficiencies in the service of its tax assessment appeal upon Taxpayers. It chose not to do so. It disregarded the Local Rules in multiple ways and offered no explanation therefor. Local rules "made for the orderly administration of justice should not be lightly ignored," and we will not do so here. *Wood v. Garrett*, 46 A.2d 321, 323 (Pa. 1946). We conclude that the trial court did not err or abuse its discretion in dismissing the School District's challenge to Taxpayers' real estate tax assessment.

13

**Conclusion**

The School District was given "notice of the proposed" dismissal of its appeal and "an opportunity to respond and explain the reasons for failing" to comply with the Local Rules with regard to its appeal of Taxpayers' real property assessment. Nevertheless, the School District did not act to protect its appeal. Accordingly, we affirm the trial court's order.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hempfield Area School District,     :
                      Appellant    :
                                 :
         v.               :    No. 981 C.D. 2020
                                 :
Westmoreland County Board of    :
Assessment Appeals           :

# **O R D E R**

AND NOW, this 28th day of June, 2021, the order of the Court of Common Pleas of Westmoreland County dated September 3, 2020, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita