Commonwealth of Pennsylvania, Appellant *v.* Harry Korn, Appellee.

Submitted on briefs March 3, 1983, to President Judge CRUMLISH, JR., and Judges WILLIAMS, JR., and BARBIERI, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Harry Korn,* appellee, for himself.

OPINION BY JUDGE WILLIAMS, JR., November 22, 1983:

This is an appeal by the Commonwealth of Pennsylvania from an order of the Court of Common Pleas of Allegheny County. The court sustained the appeal of Harry Korn (appellee) from the revocation of his motor vehicle operating privileges for a period of six (6) months.

Mr. Korn was convicted, on July 29, 1980, of driving a motor vehicle while his operating privileges

476

were under suspension. Upon receiving a certified record of the conviction, the Department of Transportation (Department) notified him, by letter dated October 22, 1980, that as a result of the conviction, his driver's license was being revoked for a period of six (6) months.[1] The appellee was also advised by this letter of his right to appeal the Department's action within thirty (30) days of the date of the notice.[2] On November 10, 1980, Mr. Korn filed, with the prothonotary of the Court of Common Pleas of Allegheny County, the following pro se petition for appeal from the revocation, which was typewritten, notarized, and subscribed with his signature:

Date: November 6, 1980

*I am appealing my operators privileges being revoked for a period of six months.* I had never received a letter or anything stating that my operating privileges were being suspended. When I was caught driving under suspension my car was over heating real bad. So instead of blocking traffic I went through a red light to get my vehicle off of the road. A policeman had seen me go through the red light and pulled over next to me. I explained to him that my vehicle was over heating and I did not want to block traffic. He then asked me for my drivers license and owners card and went over to his vehicle to call them in. After he called them in he came over to me and told me that I was driving under suspension. He then wrote me two citations, one for going through the red light and the other for driving under suspension. If

---

[1] *See* Section 1543(b) of the Vehicle Code, 75 Pa. C. S. §1543(b).

[2] *See* Section 1550(a) of the Vehicle Code, *as amended*, 75 Pa. C. S. §1550(a).

it wasn't for the police getting me for going through a red light I would never had known my operators license was suspended. (Emphasis added.)

At the time the petition was filed, the prothonotary prepared a face sheet therefor bearing the caption of the case and the court term and number assigned to the matter. This face sheet was stamped with the date and time of filing, although the petition itself was not. A copy of the petition, however, was endorsed with a stamp indicating the date, time, and place the appeal would be heard by the trial court as set forth below:

THIS CASE WILL BE HEARD
HEARING DATE: Jan. 5-81
TIME: 9:00 A.M.
PLACE: COURTROOM NO. 709
CITY COUNTY BUILDING

This copy of the petition, as so endorsed, was forwarded to the Department by the appellee.

On January 5, 1981, at the appointed time and place, counsel for the Department and the appellee, in his own person,[3] responded to the call of the case for hearing. Counsel for the Department, who was scheduled to appear before the trial judge on other matters, advised the court that he had no knowledge that an appeal had been filed by Mr. Korn, and that, therefore, he was not prepared to proceed with a hearing on the merits. The appellee testified that he had notified the Department of the filing of his appeal by sending a copy of his petition to the Department, at the address shown on the revocation notice of October 22, 1980, and provided the court with proof of service of his petition in the form of a certified mail re-

---

[3] The appellee has not been represented by counsel throughout these entire proceedings.

ceipt indicating delivery to the Department on November 14, 1980. In addition, the appellee produced the following letter, which was dated December 29, 1980 and signed by a departmental official:

> Dear Mr. Korn:
>
> Thank you for your letter of recent date.
>
> Please be informed before this Bureau can remove the points and take the proper action, we must have a copy of the not guilty certification from the Court.
>
> *The mere filing of an appeal from a summary conviction does not delay the imposition of points under the point system and the mere presentation of appeal papers is no longer sufficient.* (Emphasis added.)

On January 6, 1981, the court entered an order sustaining the appellee's appeal, "the Commonwealth not being prepared to proceed although Notice of the Appeal and Hearing date was received by the Commonwealth on November 14, 1980, more than thirty (30) days before the hearing date."[4]

On appeal to this Court, the Commonwealth contends that the trial court abused its discretion in sustaining Mr. Korn's appeal. Specifically, the Commonwealth asserts that the Department did not have adequate notice that the appeal had been filed and the hearing scheduled, because the appellee's petition for appeal was not served with a copy of the face sheet which had been prepared by the prothonotary, and because the petition was not written in "proper" legal form. In essence, the Commonwealth's argument is that the Department cannot be charged with notice

---

[4] Section 1550(c) of the Vehicle Code, *as amended*, 75 Pa. C. S. §1550(c), requires that the Department be given thirty (30) days notice prior to the hearing date of an appeal.

because the document served by the appellee did not *appear* to be a petition for appeal.

Judicial discretion, broadly defined, is the opinion which a judge may exercise either to do or not to do that which is proposed to him. As a guide to judicial action, it means a sound discretion exercised with due regard for what is right and equitable under the circumstances and under the law. Abuse of discretion is not merely an error of judgment; however, if, in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused. *Sherman v. Yoder,* 59 Pa. Commonwealth Ct. 430, 430 A.2d 347 (1981).

Applying this standard to the instant case, we must conclude that the trial court did not abuse its discretion in sustaining the appeal. It is apparent from the letter of December 29, 1980, sent by the Department to the appellee, that the Department was not prepared to proceed at the hearing on January 5, 1981, because it mistakenly regarded the appellee's petition merely as a letter informing it that the appellee had filed an appeal from the *summary conviction underlying the revocation,* a criminal matter in which the Department would not be involved. In the first sentence of his petition, however, the appellee states that he is appealing *the revocation of his driving privileges.* The petition was endorsed, patently by the court, with the notation that a hearing would be held on January 5, 1981, at 9:00 A.M., in Courtroom No. 709 of the City County Building. We believe that together, the appellee's statement and the court's endorsement were sufficient to put the Department on notice that the document served upon it was a pro se petition for appeal from a license revocation; that the

480

petition had been filed with the court; and that the Department was required to be prepared, on January 5, 1981, for a hearing on that appeal.

Accordingly, the decision of the court below is affirmed.

ORDER

AND Now, the 22nd day of November, 1983, the order of the Court of Common Pleas of Allegheny County entered in the above-captioned matter, at No. SA 1282 of 1980, is hereby affirmed.