546 A.2d 1339

Lawrence Jude McNeilis, Appellant v. Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Susan Sauers, Appellant v. Commonwealth of Pennsylvania, Appellee.

Gerald Francis Krummert, Appellant v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellee.

Gerald Francis Krummert, Appellant v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellee.

Larry K. Schamus, Appellant v. Commonwealth of Pennsylvania, Appellee.

Submitted on briefs May 2 and May 3, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Joel E. Hausman, Apple and Apple, P.C.,* for appellant, Lawrence Jude McNeilis.

*Charles M. Schwartz,* for appellant, Susan Sauers.

*James R. Mall,* with him, *John F. Hooper, Meyer, Unkovic & Scott,* for appellant, Gerald Francis Krummert.

*Patrick J. Thomassey,* for appellant, Larry K. Schamus.

*Melissa K. Dively,* Assistant Counsel, with her, *Christopher J. Clements,* Assistant Counsel, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellee, Department of Transportation.

OPINION BY JUDGE CRAIG, September 6, 1988:

In these five Vehicle Code appeals, which have been submitted on briefs and consolidated for consideration because they turn upon a common procedural issue, the key question is:

> In perfecting an appeal from a motor vehicle operator's license suspension or revocation imposed by the Department of Transportation, what is the proper mode of service of the appeal upon the department in order to give prompt notice of the proceeding and to avoid undue delay which might result in abuse of the automatic supersedeas afforded by the statute?

In all five of these cases, the procedural history is similar. On account of various Vehicle Code violations, the department had issued notices of suspension of operator's license to the respective four motorists. In accordance with section 1550(a) of the Vehicle Code, 75 Pa. C. S. §1550(a), each motorist filed an appeal with the Allegheny County Court of Common Pleas in timely fashion, that is, within thirty days from the date of mailing of the suspension notice.

In the McNeilis case, No. 1238 C.D. 1987 in this court, and the Sauers case, No. 1332 C.D. 1987, counsel acknowledge that they failed to serve any notice or copy of the appeal upon the department. In the Schamus case, No. 1386 C.D. 1987, and the Krummert cases, Nos. 1266 C.D. 1987 and 2271 C.D. 1987, counsel served a notice and copy of the appeal upon the department by first class mail; although counsel in those cases filed their own certificates of service, the department denied receipt of any service, and the appellants' counsel did not produce any certified mail return receipt or other documented proof, with the exception that counsel in one of the Krummert appeals had obtained a certificate of mailing from the post office.

Thereafter, in each of the cases, notice of the respective hearing dates came to the department pursuant to 75 Pa. C. S. §1550(c), which provides for a hearing in common pleas court upon thirty days' written notice to the department. Each of these five cases came before the same judge in the Allegheny County Court of Common Pleas, to whom the department complained of the lack of service of notices of appeal in the respective cases. In view of the absence of return receipts establishing service, the trial judge was confronted by difficulties with respect to proof of the perfection of service. Relying upon Pa. R. A. P. 1514(c), which requires, in appellate court cases, service of copies of petitions for review of government unit decisions to be accomplished by certified mail, the trial judge ruled that failure to prove perfection of the appeal in that manner warranted quashing the appeals to the common pleas court. He therefore quashed all five appeals.

Because 75 Pa. C. S. §1550 does not specify how statutory appeals of this sort are to be perfected, difficulties on this same point have arisen in various other cases. Although the trial judge here took an eminently

workable approach, we cannot agree that Pa. R.A.P. 1514(c) resolves the problem because that subsection contains a subsequent reference only to the appellate courts, and Pa. R.A.P. 103 clearly states that the Rules of Appellate Procedure govern practice and procedure "in the Supreme Court, the Superior Court and the Commonwealth Court . . . ."

Moreover, the provisions of Pa. R.C.P. Nos. 400-441, describing means and modes of service of both original and secondary process in the trial courts, are not directly applicable because this court has been required to rule repeatedly that statutory appeals are not governed by the Rules of Civil Procedure. In *Pennsylvania Liquor Control Board v. Willow Grove Veterans Home Association*, 97 Pa. Commonwealth Ct. 391, 509 A.2d 958 (1986), Judge COLINS analyzed the question exhaustively and concluded that the Rules of Civil Procedure did not govern appeals to common pleas court under the Liquor Code. In *Johnston v. Department of Transportation, Bureau of Traffic Safety*, 102 Pa. Commonwealth Ct. 183, 517 A.2d 585 (1986), this court specifically applied that conclusion to Vehicle Code appeals.

Therefore, in the absence of some effective local rule—and none have been cited here—counsel and the courts face a troublesome absence of clear instruction on the problem at issue.

Delay and confusion with respect to the perfection of Vehicle Code appeals is particularly troublesome because 75 Pa. C. S. §1550(b) provides that the filing of the appeal petition "shall operate as a supersedeas" so that no suspension or revocation can be imposed against the motorist until final determination of the appeal. As a result, delay can operate to give an unjustified extension of operating privileges to motor vehicle operators who, depending upon the ultimate determination, may not be qualified to drive on the public roads.

In none of the cases here does the record contain any evidence that any of the counsel acted unprofessionally or wrongfully to induce confusion or delay. However, uncertainty concerning the proper mode of service obviously can lend itself to the possibility that different counsel, in other cases, could take improper advantage of the situation. In *Department of Transportation, Bureau of Traffic Safety v. Samek*, 71 Pa. Commonwealth Ct. 209, 210, 454 A.2d 229, 229-30 (1983), this court stated:

> This case, along with *Pennsylvania Department of Transportation v. Falzett*, 71 Pa. Commonwealth Ct. 209, 454 A.2d 229 (1983) involving tardy service of an appeal notice in a license suspension appeal, indicates the disturbing growth of an unprofessional practice by attorneys for motorists, consisting of filing appeals whereby an automatic supersedeas of the suspension is obtained under 75 Pa. C.S. §1550(b), but failing to perfect the appeal with notice to the Commonwealth. One result, if the state's defense is not frustrated altogether, inevitably is. to delay adjudication of the appeal in the common pleas court—thus, of course, extending the period during which the motorist has the benefit of the automatic supersedeas.
>
> Here the motorist has enjoyed the benefit of a stay of the suspension for over two-and-one-half years up to the present juncture because the motorist's attorney first filed the notice of appeal with the trial court on July 25, 1980. The transcribed record contains that attorney's admission that, although he allegedly planned to mail a copy of the appeal notice to the department, he never did.

A similar case was *Department of Transportation, Bureau of Traffic Safety v. Pugliano*, 80 Pa. Common-

wealth Ct. 203, 471 A.2d 165 (1984), where appellant's counsel, as in these cases, averred that he had made service by first class mail but also had no return receipt to prove the point.

By contrast, in *Commonwealth v. Korn*, 78 Pa. Commonwealth Ct. 474, 467 A.2d 1203 (1983), a motorist, appealing without the aid of counsel, used certified mail, return receipt requested, to establish service of the appeal upon the department, and this court recognized that method of proving service to be valid. Interestingly, it was a person proceeding pro se, without the aid of a lawyer, who took the practical approach, perhaps because he was not confused by references in the rules of procedure available to lawyers.

In view of the necessity of announcing a specific rule to fill the vacuum which has been confronting courts and counsel, this court hereby holds that, until other provision is made by statutory amendment or judicial rule, a person appealing under 75 Pa. C. S. §1550 shall serve the department, at the address given in the department's suspension or revocation notice, with a notice of the appeal and a copy thereof, immediately after filing the appeal in the common pleas court.

The person appealing shall effect service upon the department by certified mail, return receipt requested, in accordance with the practical precedent established in *Korn*. This holding shall not apply where an existing local rule of court presently governs service of statutory appeals under Vehicle Code §1550.

As noted above, the statute, the appellate rules and the procedural rules have not previously settled the procedural problem faced and sought to be resolved here. Hence, this court can do no better than to adopt the sensible approach espoused by the trial judge in these cases. However, this court cannot retroactively impose a duty to make service by certified mail. As in

*Samek* and *Pugliano,* the proper procedure is to vacate all of the orders in these cases and remand the cases to the Court of Common Pleas of Allegheny County for the setting of new hearing dates and a direction that each of the appealing parties, by counsel, shall confirm service of the appeal and notice of the new hearing date upon the department by mailing such to the department certified mail, return receipt requested. Thereafter, the trial court will proceed to review the merits of the appeals.

With respect to statutory appeals under 75 Pa. C. S. §1550 filed more than ninety days after the latest filing date of the orders in these cases, this court shall no longer remand, as here, but will affirm trial court orders quashing such appeals for failure to perfect them according to service in the manner prescribed.

ORDER IN 1238 C.D. 1987

NOW, September 6, 1988, the order of the Court of Common Pleas of Allegheny County, at No. SA 491 of 1987, dated May 6, 1987, is vacated, and this case is remanded to the trial court for the setting of new hearing dates and a direction that each of the appealing parties shall confirm service of the appeal and notice of the new hearing date upon the department by mailing such notices, and a copy of the notice of appeal, to the Pennsylvania Department of Transportation, by certified mail, return receipt requested, after which the trial court shall review the merits of the appeals.

Jurisdiction relinquished.

ORDER IN 1332 C.D. 1987

NOW, September 6, 1988, the order of the Court of Common Pleas of Allegheny County, at No. SA 173 of 1987, dated May 21, 1987, is vacated, and this case is remanded to the trial court for the setting of new hear-

ing dates and a direction that each of the appealing parties shall confirm service of the appeal and notice of the new hearing date upon the department by mailing such notices, and a copy of the notice of appeal, to the Pennsylvania Department of Transportation, by certified mail, return receipt requested, after which the trial court shall review the merits of the appeals.

Jurisdiction relinquished.

### ORDER IN 1266 C.D. 1987

Now, September 6, 1988, the order of the Court of Common Pleas of Allegheny County, at No. SA 619 of 1987, dated May 13, 1987, is vacated, and this case is remanded to the trial court for the setting of new hearing dates and a direction that each of the appealing parties shall confirm service of the appeal and notice of the new hearing date upon the department by mailing such notices, and a copy of the notice of appeal, to the Pennsylvania Department of Transportation, by certified mail, return receipt requested, after which the trial court shall review the merits of the appeals.

Jurisdiction relinquished.

### ORDER IN 2271, C.D. 1987

Now, September 6, 1988, the order of the Court of Common Pleas of Allegheny County, at No. SA 1396 of 1987, dated September 9, 1987, is vacated, and this case is remanded to the trial court for the setting of new hearing dates and a direction that each of the appealing parties shall confirm service of the appeal and notice of the new hearing date upon the department by mailing such notices, and a copy of the notice of appeal, to the Pennsylvania Department of Transportation, by certified mail, return receipt requested, after which the trial court shall review the merits of the appeals.

Jurisdiction relinquished.

ORDER IN 1386 C.D. 1987

NOW, September 6, 1988, the order of the Court of Common Pleas of Allegheny County, at No. SA 753 of 1987, dated May 27, 1987, is vacated, and this case is remanded to the trial court for the setting of new hearing dates and a direction that each of the appealing parties shall confirm service of the appeal and notice of the new hearing date upon the department by mailing such notices, and a copy of the notice of appeal, to the Pennsylvania Department of Transportation, by certified mail, return receipt requested, after which the trial court shall review the merits of the appeals.

Jurisdiction relinquished.