590 A.2d 1369

**Randy Michael GILMORE, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Feb. 13, 1991.

Decided May 6, 1991.

Cheryl A. Ignasiak, with her, Jonathan E. Jones, Ogg, Jones, Desimone & Ignalzi, Pittsburgh, for appellant.

Harold H. Cramer, Asst. Chief Counsel, with him, David R. White, Asst. Counsel, Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, and John L. Heaton, Chief Counsel, Harrisburg, for appellee.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, SMITH, PELLEGRINI and BYER, JJ.

CRAIG, President Judge.

In this Vehicle Code appeal, the threshold question is: When a motor vehicle operator has filed an appeal in a trial court under § 1550(a) of the Vehicle Code, 75 Pa.C.S. § 1550(a), from a license suspension or revocation imposed by the Pennsylvania Department of Transportation (DOT), must the appeal be perfected by serving a copy of the notice of appeal upon DOT?

Furthermore, if the validity of such a statutory civil appeal is dependent upon perfecting it by letting the appellee know of its existence, then, in some cases, a court may also have to consider the mode by which notice of the appeal is given to DOT.

The history of this case is straightforward and undisputed. By notice mailed December 20, 1989, DOT notified motor vehicle operator Gilmore that his operating privilege was to be suspended for one year under 75 Pa.C.S. § 1547(b), for refusal to submit to driver's alcohol test. Gilmore filed an appeal in the Common Pleas Court of Westmoreland County on January 19, 1990. There is no evidence in the record that Gilmore's counsel ever gave DOT any notice of that appeal. Indeed, in the record below and in the brief before this court, counsel for Gilmore does not even claim that he gave notice of the appeal to DOT by any means at any time.

The trial court set a hearing on the case for April 25, 1990, and the court's clerk gave notice of the hearing date

to DOT. At the time of hearing, counsel for DOT moved that Gilmore be required to show that the appeal had been perfected by notice to DOT from the appellant. Because Gilmore's counsel had no knowledge or evidence that DOT was ever notified of the appeal, Trial Judge Bernard F. Scherer quashed the appeal in accordance with this court's decision in *McNeilis v. Department of Transportation*, 119 Pa.Commonwealth Ct. 272, 546 A.2d 1339 (1988).

### 1. Must A Civil Statutory Appeal Be Perfected By Notice to the Appellee?

█ The duty of an appealing party to notify the opposing party, of the filing of the appeal, is axiomatic. It is unthinkable that an appellant could keep the filing of the appeal secret from the other party.

Failure to perfect an appeal by notice to the state has an especially pernicious aspect in this class of motor vehicle operator license suspension appeals. As this court stated in *Department of Transportation, Bureau of Traffic Safety v. Samek*, 71 Pa.Commonwealth Ct. 209, 210, 454 A.2d 229, 230 (1983):

> This case, ... involving tardy service of an appeal notice in a license suspension appeal, indicates the disturbing growth of an unprofessional practice by attorneys for motorists, consisting of filing appeals whereby an automatic supersedeas of the suspension is obtained under 75 Pa.C.S. § 1550(b), but failing to perfect the appeal with notice to the Commonwealth. One result, if the state's defense is not frustrated altogether, inevitably is to delay adjudication of the appeal in the common pleas court—thus, of course, extending the period during which the motorist has the benefit of the automatic supersedeas.

In the *Samek* case, the motorist enjoyed the benefit of a stay of the suspension for over 2½ years.

Failure to pursue the obvious step of notifying the other side in this type of case cannot be excused by reference to Pa.R.Crim.P. 86(d), which provides as to summary conviction appeals, that the clerk of the trial court shall serve

notice of the appeal upon the prosecutor. In this statutory civil case, the criminal rules obviously are not applicable. Moreover, there is here no counterpart of the summary conviction's provision for service of notice of the appeal by the clerk of court. The Vehicle Code provision, at 75 Pa.C.S. § 1550(c), that the trial court is to give notice of the *hearing date* to DOT, is clearly distinguishable. Hence, any attorney can readily discern that the statute does not give the trial court or its clerk any duty with respect to giving notice that the appeal has been filed. And, in view of the problem we noted in *Samek*, prompt notice of the appeal to DOT is significant because DOT is unable to prevent delay by requesting a timely hearing if it does not know of the very existence of the appeal.

The problem of lack of perfection of the appeal by notice to DOT is no small one. In addition to its presence in *McNeilis* and *Samek*, it also arose in *Department of Transportation, Bureau of Traffic Safety v. Pugliano*, 80 Pa.Commonwealth Ct. 203, 471 A.2d 165 (1984), *Commonwealth v. Korn*, 78 Pa.Commonwealth Ct. 474, 467 A.2d 1203 (1983), and *Department of Transportation, Bureau of Traffic Safety v. Samek*, 71 Pa.Commonwealth Ct. 209, 454 A.2d 229 (1983), and *Department of Transportation, Bureau of Traffic Safety v. Falzett*, 71 Pa.Commonwealth Ct. 201, 454 A.2d 231 (1983).

Accordingly, this court must reiterate the principle that perfection of a statutory appeal requires notice to the appellee, a principle adopted and reiterated in all of the foregoing decisions.

In this case, because notification to DOT concerning the appeal was not supported by any evidence in the record nor even claimed by the motorist, Judge Scherer's decision must be affirmed.

### 2. By What Mode of Service Should Notice Of An Appeal Be Given?

█ Despite the absence of any evidence or claim that Gilmore's counsel gave any notice of the appeal to DOT,

counsel seeks to save the validity of the present appeal by contending that our *McNeilis* decision was improperly attempting to write a rule of procedure when we approved the use of certified mail, return receipt requested, as a satisfactory method of supplying proof of service. Although the mode of perfecting an appeal by notice is not at issue here, we address the point for the sake of clarity.

*McNeilis* dealt with a group of five cases. In two of those cases, counsel acknowledged that they did not serve any notice of the appeal. In two other cases, counsel claimed service of notice by first class mail, but DOT denied receipt. In the fifth case, the mode was also first class mail, and DOT also denied receipt, but counsel had obtained a certificate of mailing from the post office. Therefore, to the extent that three of the cases posed the question of whether transmission by first class mail was a proper mode of service, this court concluded that it was not, in view of the availability of the postal return receipt procedure to provide effective proof.

Although this court's reference to announcing a specific "rule" could have been better phrased as referring to a "ruling" in the specific case, we did refer to our action as a "holding" when we proceeded to spell out the point that our decision would have only prospective effect as a precedent.

Of course, the promulgation of additional rules of practice are the province of the Pennsylvania Supreme Court and not this court. Where the absence of a pertinent rule creates a "vacuum," as we called it, this court can only reach a judicial decision with respect to the cases presented. Out of a concern for fairness to the bar, we took pains to label our ruling as having only prospective effect. That concern, for having the precedent operate fairly, should not be misunderstood or mischaracterized as evidencing an attempt to encroach upon the rulemaking power.

Moreover, there is nothing in the *McNeilis* opinion to indicate that the holding operated as a procedural rule requiring certified mail, return receipt requested, as the *exclusive* mode of service with respect to this class of

statutory appeals. Because the difficult question presented in *McNeilis* related to claims of mail service by first class mail, we approved and adopted the trial judge's sensible view that a return receipt would solve the problem. Of course, other modes of service are acceptable when they achieve the purpose of providing an effective record, including personal service by hand and acceptance of service.

However, in this case the sound decision of Judge Scherer is affirmed simply because there is no record of the perfection of the appeal by any means.

### ORDER

NOW, May 6, 1991, the order of the Court of Common Pleas of Westmoreland County, at SA 349 of 1990, dated April 25, 1990, is affirmed.

BYER, Judge, dissenting.

I respectfully dissent from the majority's decision to affirm the trial court's quashing of Gilmore's appeal based upon a requirement of service not found in any general rule or statute but created by this court without authority to do so.

The Pennsylvania Rules of Civil Procedure do not apply to statutory appeals filed in the courts of common pleas. *See In re Appeal of Borough of Churchill*, 525 Pa. 80, 575 A.2d 550 (1990). The Pennsylvania Rules of Appellate Procedure likewise do not apply to appeals filed in the courts of common pleas. *See McNeilis v. Commonwealth, Department of Transportation*, 119 Pa.Commonwealth Ct. 272, 546 A.2d 1339 (1988). Therefore, the provisions regarding service found in those rules do not apply to a statutory appeal from a license suspension under the Vehicle Code.

The General Assembly has not seen fit to provide any requirement of service in this type of case. The governing provision of the Vehicle Code provides merely that a person who is the subject of departmental action denying, recalling,

canceling, suspending or revoking a driver's license "shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)." 75 Pa.C.S. § 1550(a). The only provision in this statute relating to service strongly indicates that it is the responsibility of the court to perform this function. The statute provides, "[t]he court shall set the matter for hearing upon 30 days written notice to the department...." 75 Pa.C.S. § 1550(c).

A person reading subsections (a) and (c) of Section 1550 together reasonably could assume that upon the filing of an appeal pursuant to subsection (a), the court immediately would notify the department under subsection (c), scheduling a hearing date not less than 30 days from the date of notice. This would not be an unusual result, because the procedure would be identical to that applicable to appeals from summary criminal convictions under Pa.R.Crim.P. 86(d), which gives the trial court the sole responsibility for serving the notice of appeal on both the opposing party, *i.e.* the Commonwealth, and on the district justice or other member of the minor judiciary before whom the summary proceedings originated.

Such a provision likewise is not unusual in proceedings of a civil nature. For example, a virtually identical procedure is followed in land use appeals to courts of common pleas under Section 1003–A(b) of the Municipalities Planning Code, Act of July 31, 1968, P.L. 805, as added by Act No. 1988–170, 53 P.S. § 11003–A(b).

Where the General Assembly has intended to provide for a requirement of service in statutory proceedings not governed by the Rules of Civil Procedure, it has done so expressly. For example, in cases governed by the Eminent Domain Code,[1] the condemnor is required to serve the condemnee with notice of the proceedings commenced by declaration of taking, and the statute provides that the notice is to be served by any competent adult in the same manner as a complaint or writ of summons in a civil action

1. Act of June 22, 1964, Sp.Sess., P.L. 84, 26 P.S. § 1–101 *et seq.*

or by certified or registered mail.[2] Where proceedings under the Eminent Domain Code are commenced by a condemnee's filing a petition for the appointment of viewers, the condemnee is required to serve a copy of the petition on the adverse party "by registered or certified mail, return receipt requested...."[3]

In some statutory proceedings, the governing statute expressly requires service but gives the court discretion to direct the manner of service. For example, where a petition is filed objecting to a nominating petition or nominating paper under the Election Code,[4] the governing statute provides that the court must specify "the time and manner of notice that shall be given to the candidate or candidates named in the nomination petition or paper sought to be set aside."[5] This same statute also requires that a copy of a petition commencing an election contest "shall, within said period, be served on the officer or board with whom said nomination petition or paper was filed."[6]

Other statutes provide a requirement of service without specifying the manner of service. For example, the Election Code provides that a petition commencing judicial proceedings in an election contest "shall be served upon the person whose nomination or right of office shall be contested, together with a rule to answer at the time fixed for hearing, which notice, copy and rule shall be served such length of time before the day fixed for hearing as the said court or judge shall require, not exceeding seven days in cases of contested nominations at primaries preceding municipal elections, and not exceeding thirty days in all other cases."[7]

In most cases, the General Assembly has been silent with respect to any requirement of service. Most statutory

**2.** Eminent Domain Code § 405(b), 26 P.S. § 1–405(b).

**3.** Eminent Domain Code § 502(f), 26 P.S. § 1–502(f).

**4.** Act of June 3, 1937, P.L. 1333, as amended, 25 P.S. § 2600 *et seq.*

**5.** Election Code § 977, 25 P.S. § 2937.

**6.** *Id.*

**7.** Election Code § 1760, 25 P.S. § 3460.

appeals are filed in accordance with the Local Agency Law [8] and the Administrative Agency Law.[9] These statutes merely provide that parties aggrieved by a local agency or administrative agency adjudication have a right of appeal to the court vested with jurisdiction, but the statutes contain no provisions for service or other notice after commencement of the appeal in the court of common pleas. Likewise, the statutes vesting the courts of common pleas with jurisdiction over these actions provide no guidance regarding service.[10]

The question, then, is whether this court has the power to create a procedural rule by judicial decision requiring service of an appeal under the Vehicle Code where there is no statute or general rule promulgated by the Supreme Court providing for such a requirement and mandating dismissal of the appeal as a sanction for failing to comply with such a requirement of our own creation. We answered this question in the affirmative in *McNeilis v. Commonwealth, Department of Transportation*, 119 Pa.Commonwealth Ct. 272, 546 A.2d 1339 (1988), which the majority reaffirms here. I believe we acted totally outside our proper authority in doing so, and that *McNeilis* is a clear example of a court improperly creating a procedural rule by judicial decision.

The Pennsylvania Constitution in Article V, Section 10(c) grants the power to prescribe procedural rules only to the Supreme Court. The Judicial Code contains a similar provision at 42 Pa.C.S. § 1722(a)(1), and also provides that the

**8.** 2 Pa.C.S. §§ 105, 551–555, 751, 754.

**9.** 2 Pa.C.S. §§ 103, 501–508, 701–704.

**10.** Jurisdiction of appeals under the Local Agency Law is vested in the courts of common pleas by 42 Pa.C.S. § 993(a)(2). The courts of common pleas also have jurisdiction over nine categories of appeals from Commonwealth administrative agencies under 42 Pa.C.S. § 933(a)(1); jurisdiction over all other appeals from administrative agencies is vested in this court under 42 Pa.C.S. § 763(a). Where jurisdiction is vested in this court, Pa.R.A.P. 1514(c) contains detailed provisions governing service, but, as previously noted in the text, these provisions are not applicable to appeals filed in the courts of common pleas. *See McNeilis v. Commonwealth, Department of Transportation*, 119 Pa.Commonwealth Ct. 272, 546 A.2d 1339 (1988).

Supreme Court, by general rule, may delegate this power to another unit of the judicial system. 42 Pa.C.S. § 1721(a). However, the Supreme Court has not adopted any general rule delegating to this court or to any other court the power to promulgate rules of procedure governing statutory appeals.

Although the service requirement we created in *McNeilis* and which the majority reaffirms in this case is not illogical and would be sensible if imposed expressly in duly enacted legislation or duly promulgated court rules, I find no basis in law or logic for this court to create such a requirement.

Service requirements imposed by statute or court rules are readily accessible by lawyers and litigants. A lawyer or litigant unfamiliar with the governing procedure need merely find the governing statute or the applicable rule in order to discern the service requirements governing the particular case. That is not so with a service requirement which exists solely by reason of a judicial decision.

Lawyers and litigants should not have to perform extensive legal research of the case law in order to discern such a basic requirement as service. That is particularly true in this case, where the statute may reasonably be read as giving the court the responsibility to serve the notice of appeal, consistent with the procedure followed in the related area of appeals from summary criminal convictions, as discussed above.[11]

Problems like that involved in this case could be solved easily if the Supreme Court of Pennsylvania were to promulgate procedural rules governing statutory appeals and other statutory proceedings in the courts of common pleas not governed by the Pennsylvania Rules of Civil Procedure. An alternative would be for the Supreme Court to make the provisions of Chapter 15 of the Pennsylvania Rules of Appellate Procedure applicable to appeals to the

---

11. In order to avoid any unnecessary embarrassment, I note that the lawyer and law firm representing appellant in this appeal did not file the initial appeal to the court of common pleas and, therefore, are not responsible for the lack of any required service.

courts of common pleas. Therefore, I urge the Pennsylvania Supreme Court's Civil Procedural Rules Committee or the Advisory Committee on Appellate Court Rules to recommend promptly the adoption of appropriate rules expressly stating the basic procedural requirements in this type of case.

However, in the absence of such rules, I believe the majority has acted outside its authority and has invaded the exclusive province of the Supreme Court by creating a procedural requirement of service and placing that responsibility on appellant, under pain of dismissal, where the General Assembly appears to have placed the responsibility for service on the trial court. Therefore, I respectfully dissent.

COLINS, J., joins this dissent.