**AIRO DIE CASTING, INC., Appellant,**

v.

**WESTMORELAND COUNTY BOARD OF ASSESSMENT APPEALS.**

**VSI CORP./DME COMPANY, Appellant,**

v.

**WESTMORELAND COUNTY BOARD OF ASSESSMENT APPEALS.**

Commonwealth Court of Pennsylvania.

Argued Nov. 3, 1997.

Decided Feb. 6, 1998.

---

Charles J. Harrington, III, Montclair, for appellant.

Aaron M. Kress, Greensburg, for appellee.

Before KELLEY and FLAHERTY, JJ., and NARICK, Senior Judge.

KELLEY, Judge.

Airo Die Casting, Inc. and VSI Corp./DME Company (collectively referred to as Taxpayers) appeal from two orders of the Court of Common Pleas of Westmoreland County (common pleas court). The orders granted the Board of Assessment Appeals' (Board) motions for judgment on the pleadings thereby dismissing Taxpayers' respective appeals. Additionally, the Board has filed motions to suppress Taxpayers' reply briefs. We reverse the orders of the common pleas court and grant the Board's motions to suppress.

During 1995, Taxpayers challenged the assessment of their properties located in Westmoreland County for tax year 1996. The Board affirmed the tax assessments by decisions dated January 5, 1996. Taxpayers each filed an appeal from the Board's respective decision to the common pleas court. Taxpayers served copies of the petitions for review on the Board and the requisite taxing districts by certified mail, return receipt requested, on February 1, 1996.

The Board responded by filing motions for judgment on the pleadings on April 19, 1996. The motions alleged that Taxpayers served their tax assessment appeals in a defective manner. Specifically, the Board asserted that Taxpayers failed to serve original process by the sheriff of Westmoreland County, pursuant to Rule 400(a) of the Pennsylvania Rules of Civil Procedure.[1] In addition, the Board argued that Taxpayers' appeals should be dismissed because they failed to properly

---

**1.** Pa.R.C.P. No. 400(a) states that original process shall be served within the Commonwealth only by the sheriff.

serve notice of the appeal within thirty days of the mailing date stated on the Board's final notice of assessed valuation. By so doing, Taxpayers failed to toll the thirty-day statute of limitation period contained in section .5571(b) of the Judicial Code, 42 Pa.C.S. § 5571(b).

The common pleas court granted the Board's motions for judgment on the pleadings by two separate orders dated July 30, 1996. The common pleas court concluded that a tax assessment appeal is an original process requiring service by the sheriff of Westmoreland County. Taxpayers each filed a notice of appeal to this court and a motion for reconsideration with the common pleas court on or about August 6, 1996. The common pleas court refused to reconsider the matter stating that it did not have the authority to do so pursuant to Rule 1701(a) of the Pennsylvania Rules of Appellate Procedure.[2] Consequently, Taxpayers' notices of appeal became effective with this court.[3]

## I. Motions to Suppress Taxpayers' Reply Briefs

The Board filed motions to suppress the Taxpayers' reply briefs on February 13, 1997 alleging that the briefs fail to conform to the requirements of Pa.R.A.P. 2113(a).[4] Rule 2113(a) allows an appellant to file a brief in reply to matters raised in appellee's brief which were not previously raised in appellant's brief. Based on our review of the briefs submitted by the parties, we conclude that Taxpayers' reply briefs are not in accordance with Pa.R.A.P. 2113(a).

Specifically, the first section of the reply briefs reiterates the points advanced in the first argument section of Taxpayers' initial briefs, reciting the statutes and case law on which they rely. The second section of the reply briefs is a near verbatim account of the argument set forth on page ten of Taxpayers' initial briefs. Consequently, Taxpayers' reply briefs do not address matters raised in the Board's briefs which were not previously addressed in Taxpayers' initial briefs. *See Leonard S. Fiore, Inc. v. Dept. of Labor and Industry*, 526 Pa. 282, 585 A.2d 994 (1991). Accordingly, we grant the Board's motions to suppress Taxpayers' reply briefs and turn to the merits of the case.

## II. Merits of the Case

The pivotal issue before this court is whether the filing of a real estate tax assessment appeal from a decision of the Board of Assessment Appeals to the common pleas court constitutes an original process, thereby requiring Taxpayers to personally serve the Board by sheriff pursuant to Pa.R.C.P. No. 400(a).[5] Taxpayers contend that the action they filed with the common pleas court is an appeal from a tax assessment which does not require personal service by the sheriff of Westmoreland County. We agree.

Taxpayers filed their respective appeals from the Board's notice of assessed valuation with the common pleas court pursuant to section 752 of the Local Agency Law, 2 Pa.C.S. § 752.[6] This statute provides as follows:

2. Pa.R.A.P. 1701(a) provides:
   **General Rule.** Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.

3. This court consolidated Taxpayers' respective appeals by order dated January 3, 1997.

4. We note that the written materials submitted by Taxpayers in the separate appeals are nearly duplicates.

5. This court's scope of review is limited to determining whether the trial court abused its discretion, committed an error of law or whether its decision is supported by substantial evidence. *Cedarbrook Realty, Inc. v. Cheltenham Township*, 148 Pa.Cmwlth. 310, 611 A.2d 335 (1992), *peti-*

*tion for allowance of appeal denied*, 533 Pa. 637, 621 A.2d 582 (1992).

6. We note that the common pleas court and the parties erroneously relied upon the Act of June 26, 1931, P.L. 1379, *as amended*, 72 P.S. §§ 5342–5350, which is generally referred to as the Third Class County Assessment Code (Code). The provisions providing a statutory right to appeal tax assessments and the 30 day statute of limitations period were repealed from section 9(a) of the Code, 72 P.S. § 5350 by Act of April 28, 1978, P.L. 202. Simultaneously, the legislature enacted the Local Agency Law, 2 Pa.C.S. §§ 105, 551–555, 751–754, by Act of April 28, 1978, P.L. 353.

Any person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals pursuant to Title 42 (relating to judiciary and judicial procedure).[7]

The common pleas court is vested with jurisdiction of appeals from final orders of local administrative agencies by section 933(a)(2) of the Judicial Code, 42 Pa.C.S. § 933(a)(2).[8] *See also Krug v. City of Philadelphia,* 152 Pa.Cmwlth. 475, 620 A.2d 46 (1993). Consequently, we conclude that the above-referenced statutes enable a taxpayer to exercise his or her constitutionally guaranteed right to appeal a tax assessment to the common pleas court.[9] The appeal must be taken within thirty days of the mailing date stated on the Board's final notice of assessed valuation.[10]

█ Since an appeal from a tax assessment is statutorily defined, Taxpayers' respective appeals may not accurately be characterized as an original process requiring service by the sheriff of the Westmoreland County pursuant to Pa.R.C.P. No. 400(a). Moreover, it is well settled that statutory appeals are not governed by the Pennsylvania Rules of Civil Procedure. *In re Appeal of the Borough of Churchill,* 525 Pa. 80, 575 A.2d 550 (1990); *McNeilis v. Commonwealth of Pennsylvania, Department of Transportation,* 119 Pa.Cmwlth. 272, 546 A.2d 1339 (1988). Rather, the Pennsylvania Rules of Civil Procedure are applicable to all actions which are formally asserted as a civil action and other forms of action where the Supreme Court has incorporated the rules by reference. Pa.R.C.P. 1001; *see also In re Appeal of the Borough of Churchill,* 525 Pa. at 86, 575 A.2d at 553. We must, therefore, look to other sources in order to determine how a tax assessment appeal is to be served.

The Local Agency Law, the Pennsylvania Code, and the local judicial rules, however, provide no guidance with regard to the manner of service of a tax assessment appeal. In the absence of a statute, judicial rule or regulation specifically defining the manner in which service of a tax assessment appeal must be perfected, we turn to this court's holding in *McNeilis* and the clarification presented in *Gilmore v. Commonwealth of Pennsylvania,* 139 Pa.Cmwlth. 499, 590 A.2d 1369 (1991), *petition for allowance of appeal denied,* 531 Pa. 656, 613 A.2d 561 (1992).

In *McNeilis,* five motorists appealed from the suspension or revocation of their operating privileges by the Department of Transportation (department) pursuant to section 1550 of the Vehicle Code, 75 Pa.C.S. § 1550. Similar to the pending issue, this court had to determine the proper mode of service of an appeal from a Commonwealth agency to the common pleas court in the absence of statutory authority or a judicial provision defining the mode of service. In resolving the issue, we held that the motorists shall serve the department at the stated address with a copy of their respective notice of

7. Adjudication is defined as any final determination by an agency affecting personal or property rights of a party and a local agency includes any agency of a county, municipal or local authority. 2 Pa.C.S. § 101.

8. Section 933(a)(2) of the Judicial Code states that the common pleas court shall have jurisdiction of appeals from final orders of government agencies included under Subchapter B of Chapter 7 of Title 2 (relating to judicial review of local agency action) or otherwise. The common pleas court's scope of review is set forth in section 754 of the Local Agency Law, 2 Pa.C.S. § 754. The scope of review is dependent upon the status of the record made before the local agency. The court will hear the appeal de novo if the record below is incomplete; while a completed record requires the court to review the certified record of the local agency.

9. Article V, Section 9 of the Judiciary Section of the Pennsylvania Constitution states:
There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record from an administrative agency to a court of record or an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law.

10. The statute of limitation period for a tax assessment appeal is set forth in section 5571(b) of the Judicial Code, 42 Pa.C.S. § 5571(b) which provides, in pertinent part:
[A]n appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order.

appeal immediately after filing the appeal in the common pleas court. *McNeilis,* 546 A.2d at 1342. We further held, in accordance with established precedent, that service shall be effected upon the department by certified mail, return receipt requested. *Id.; see Commonwealth v. Korn,* 78 Pa.Cmwlth. 474, 467 A.2d 1203 (1983).

In *Gilmore,* a case also concerning an appeal from the department's suspension of a motorist's driving privileges, this court further addressed the mode of perfecting an appeal from an administrative agency. We specifically clarified the holding of *McNeilis,* stating that other methods of service of a notice of appeal would be acceptable if they achieve the purpose of providing an effective record. *Gilmore,* 590 A.2d at 1372. Other acceptable methods of perfecting service include personal service by hand and acceptance of service by the defendant. *Id.*

The methods of service set forth in *McNeilis* and *Gilmore* are practical because, unlike an original process, a petitioner's action is an appeal where all parties are known and the parties are aware of the pending legal issues.[11] Therefore, a petitioner providing notice of an appeal by an acceptable method of service such as certified mail, return receipt requested, would not prejudice the government agency. Moreover, requiring a citizen of the Commonwealth to serve a notice of an appeal on the government unit by the sheriff places an unjustified economic burden on the citizen and is inefficient use of public resources.

Based on the above-stated case law and policy, we extend the applicability of the holdings in *McNeilis* and *Gilmore* to statutory appeals filed in accordance with the Local Agency Law. We, therefore, conclude that Taxpayers provided the Board with adequate notice of their respective appeals by sending a copy of the petition of review to the Board by certified mail, return receipt requested within thirty days of the mailing date stated on the Board's final notice of assessed valuation.

Accordingly, the orders of the common pleas court are reversed.

### ORDER

AND NOW, this 6th day of February, 1998, it is hereby ordered:

1. The orders of the Court of Common Pleas of Westmoreland County at Nos. 883 of 1996 and 906 of 1996 are reversed, and these cases are remanded to the trial court for adjudication on the merits.

2. The motion to suppress Taxpayer's reply brief filed by the Board at 2259 C.D.1996 is granted.

3. The motion to suppress Taxpayer's reply brief filed by the Board at 2260 C.D.1996 is granted.

Jurisdiction relinquished.

---

**11.** We note the common sense approach to serving a petition for review incorporated in Rule 1514(c) of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 1514(c). Rule 1514(c) permits a petitioner to serve a petition for review on the government unit which made the determination by certified mail or in person. We acknowledge that Pa.R.A.P. 1514(c) only applies to appeals filed in the Supreme Court, the Superior Court and Commonwealth Court. Pa.R.A.P. 103. We conclude, however, that this method of service is appropriate in statutory appeals from final orders of local government agencies to the common pleas court.