THE COMMONWEALTH COURT OF PENNSYLVANIA

William Jon McCormick, : 
              Appellant : 
  : 
      v. : No. 1443 C.D. 2018
  : Submitted: May 31, 2019
Dunkard Valley Joint Municipal : 
Authority : 


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION
BY PRESIDENT JUDGE LEAVITT             FILED: September 24, 2019

William Jon McCormick (McCormick), *pro se*, appeals an order of the Court of Common Pleas of Greene County (trial court) that granted Dunkard Valley Joint Municipal Authority's (Water Authority) petition to strike a default judgment entered against it and to quash McCormick's local agency appeal. At issue is how to effect service of a local agency appeal under the Local Agency Law, 2 Pa. C.S. §§551-555, 751-754, and whether a default judgment can be entered against a local agency that does not file a response to an appeal of its decision. For the reasons that follow, we affirm in part and vacate and remand in part.

McCormick owns a bed and breakfast named "The Captain's Watch Inn" in Greensboro, Pennsylvania. The Water Authority supplies water to the property. McCormick's account with the Water Authority became delinquent and on October 20, 2017, the Water Authority issued a shut-off notice, which McCormick disputed in a letter. The Water Authority treated McCormick's letter as an appeal and appointed a Hearing Officer to conduct a hearing on December 19, 2017.

At the hearing, McCormick asserted that in March of 2016 there had been an accord and satisfaction of his obligation to the Water Authority. Rejecting this assertion, the Hearing Officer recommended that McCormick's appeal be denied and that the Water Authority proceed with its collection of McCormick's delinquent debt and shut off his water service. On January 3, 2018, the Water Authority adopted the Hearing Officer's decision as its own. The Water Authority's counsel, Ernest P. DeHaas, III, sent a copy of the Water Authority's decision to McCormick with a letter stating as follows:

> Enclosed is a copy of the Findings, Conclusions and Decision which the [Water] Authority received from the hearing officer today and has adopted. … Although you should make your own determination regarding the time within which an appeal must be taken to this decision, it is my understanding that it would be within 30 days from the date of this letter.

Supplemental Reproduced Record at 39b (S.R.R.__).

On January 19, 2018, McCormick appealed the Water Authority's decision to the trial court. On January 29, 2018, the trial court entered an order noting that the record did not reveal "service upon the [Water Authority]" and stating that the "Court will take no further action in this matter until [McCormick] is in compliance with Pa. R.C.P. Nos. 400-430." Trial Court Order, 1/29/2018; Reproduced Record at 4 (R.R.__). In response, on February 1, 2018, McCormick filed a certificate of service with the trial court stating that on January 20, 2018, he had mailed a true and correct copy of his appeal to the Water Authority's counsel, DeHaas, at 2 West Main Street, Uniontown, Pennsylvania 15401, which was the address that appeared in DeHaas's letter to McCormick enclosing the Water Authority's decision.

2

On May 9, 2018, McCormick filed a praecipe for default judgment based on the Water Authority's failure to file a timely responsive pleading to his appeal. The Greene County Prothonotary entered a default judgment against the Water Authority on the same day.

On May 21, 2018, DeHaas entered his appearance on behalf of the Water Authority that listed his address as 51 East South Street, Uniontown, Pennsylvania 15401. The Water Authority then filed a petition to strike the default judgment and to quash McCormick's appeal. It also sought attorney fees. The Water Authority asserted that McCormick's appeal was governed by the Local Agency Law, 2 Pa. C.S. §§551-555, 751-754, and that a statutory appeal must be served on the local agency by certified mail, return receipt requested. It argued that McCormick did not properly serve notice of his appeal upon the Water Authority.

The Water Authority asserted that the default judgment should be stricken because (1) McCormick had not properly served the Water Authority with notice of his appeal; (2) the Water Authority was not required under the Local Agency Law to file a responsive pleading to the notice of appeal; and (3) McCormick failed to notify the Water Authority of his intention to file a praecipe for default judgment, as required by the Pennsylvania Rules of Civil Procedure. The Water Authority requested the trial court to quash McCormick's appeal. It argued that although McCormick filed a certificate of service in response to the trial court's January 29, 2018, order, he did not serve a copy of that certificate on the Water Authority or its counsel. Lastly, the Water Authority requested payment of its attorney fees because McCormick's conduct in the matter was "obdurate and vexatious." Petition, 5/21/2018, at 4; Original Record (O.R.) Item No. 16. The trial

3

court scheduled oral argument on the Water Authority's petition for July 11, 2018, and the parties submitted additional briefs.

On October 10, 2018, the trial court granted the Water Authority's petition to strike the default judgment and motion to quash McCormick's appeal of the Water Authority's decision of January 3, 2018. The trial court denied the Water Authority's petition for attorney fees. McCormick appealed to this Court.

On appeal,[1] McCormick argues that the trial court erred in striking the default judgment against the Water Authority and in quashing his statutory appeal. In making these assignments of error, McCormick argues that his statutory appeal was a civil action governed by the Pennsylvania Rules of Civil Procedure; therefore, a default judgment was a remedy available to him when the Water Authority did not respond to his appeal.

We begin with a review of the nature of the proceeding before the trial court. The Water Authority is organized pursuant to the Municipality Authorities Act, 53 Pa. C.S. §§5601-5623. Its authority to shut off the supply of water to a delinquent customer is found in Section 502(a) of the Water Services Act,[2] 53 P.S. §3102.502(a).[3] In general, where the right to appeal is statutory, an appellant must

---

[1] Our scope of review determines whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. *Johnson v. Lansdale Borough*, 180 A.3d 791, 799 (Pa. Cmwlth. 2018).

[2] Act of April 14, 2006, P.L. 85, 53 P.S. §§3102.101 – 3102.507.

[3] It states, in relevant part, as follows:

> (a) General rule.--Except as set forth in subsection (c), all of the following apply:
>
> > (1) If the owner or occupant of a premises served by a water utility neglects or fails to pay, for a period of 30 days from the due date, a rental, rate or charge for sewer, sewerage or sewage treatment service imposed by a municipality or municipal authority, the water utility shall, at the request and direction of the municipality, the authority or a city, borough or township to which the authority has assigned its claim or lien, shut off the

comply with the procedures identified in the governing statute. *Southern Chester County Concerned Citizens Organization v. Zoning Board of Lower Oxford Township*, 937 A.2d 1141, 1143 (Pa. Cmwlth. 2007). Where the statute is silent on appeal rights and procedures, as is the case with the Water Services Act, the Local Agency Law applies. 2 Pa. C.S. §752.[4] Accordingly, McCormick's appeal of the Water Authority's decision on a shut-off notice was governed by the Local Agency Law.

Section 933(a)(2) of the Judicial Code, 42 Pa. C.S. §933(a)(2),[5] vests each court of common pleas with jurisdiction over local agency appeals. Some counties, by local rule, have made the Pennsylvania Rules of Civil Procedure

---

> supply of water to the premises until all overdue rentals, rates, charges and associated penalties and interest are paid.
>
> (2) If the authority, city, borough or township also supplies water to premises, the authority, city, borough or township is authorized to shut off the supply of water to the premises.

53 P.S. §3102.502(a).

[4] It provides: "Any person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)." 2 Pa. C.S. §752. *See also* 36 STANDARD PENNSYLVANIA PRACTICE §166:306 (2019 ed.) ("The Local Agency Law establishes a uniform and comprehensive method of appeal from local agency adjudications, which applies even if the local enabling legislation makes no provision for appeal from such adjudications.").

[5] Section 933(a)(2) provides:

> (a) General rule.--Except as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to reassignment of matters), each court of common pleas shall have jurisdiction of appeals from final orders of government agencies in the following cases:
>
> * * *
>
> (2) Appeals from government agencies, except Commonwealth agencies, under Subchapter B of Chapter 7 of Title 2 (relating to judicial review of local agency action) or otherwise.

42 Pa. C.S. §933(a)(2).

applicable to local agency appeals. *See, e.g.*, *Appeal of Sgro*, 447 A.2d 325, 327 (Pa. Cmwlth. 1982). In the absence of such a local court rule, the Pennsylvania Rules of Civil Procedure do not apply to a local agency appeal. *Terminal Freight Handling Corporation v. Board of Assessment Appeals*, 790 A.2d 1068, 1071 (Pa. Cmwlth. 2001) (explaining that because tax assessment appeals are not civil actions but statutory appeals, the Rules of Civil Procedure do not apply). Here, the Greene County Court of Common Pleas has not made the Pennsylvania Rules of Civil Procedure applicable to local agency appeals. Accordingly, we reject McCormick's contention that the Rules of Civil Procedure were generally applicable to his statutory appeal of the Water Authority's determination of January 3, 2018.

Further, because the Rules of Civil Procedure do not apply here, the Water Authority, as the non-moving party, did not have to file a response to McCormick's statutory appeal. Indeed, even the moving party in a statutory appeal "has nothing more to do to move the case forward once it has perfected its appeal other than wait for the trial court to schedule the matter." *Koller v. Department of Transportation, Bureau of Driver Licensing*, 682 A.2d 82, 84 n.3 (Pa. Cmwlth. 1996). Therefore, the trial court did not err in striking the default judgment, which was improperly entered.

We next address whether the trial court properly quashed McCormick's appeal. After McCormick appealed the Water Authority's determination, the trial court entered an order on January 29, 2018, stating:

> Whereas proper service is a prerequisite to a Court acquiring personal jurisdiction over a Defendant and a review of the record reveals that no service upon the Defendant was effectuated, this Court will take no further action in this matter until the Plaintiff is in compliance with Pa. R.C.P. Nos. 400-430. Fraisar v. Gillis, 892 A.2d 74 (Pa. Cmwlth. 2006).

6

Trial Court Order, 1/29/2018; O.R., Item No. 21.[6] McCormick responded to the court's directive by filing a certificate of service, stating that the notice of appeal had been served by mail upon the Water Authority at the office of its representative, DeHaas. The question is whether this was effective service of a statutory appeal.

To perfect a statutory appeal, the appellant must serve notice of the appeal upon the appellee. *Gilmore v. Commonwealth*, 590 A.2d 1369, 1371 (Pa. Cmwlth. 1991). As explained above, the Local Agency Law governs, not the Water Service Act. 2 Pa. C.S. §752. Although the Local Agency Law does not specify the manner of service of a statutory appeal, this Court has determined that certified mail, return receipt requested is an appropriate manner of service in Local Agency Law appeals. *Airo Die Casting, Inc. v. Westmoreland County Board of Assessment Appeals*, 706 A.2d 1279, 1283 (Pa. Cmwlth. 1998). However, "other methods of service of a notice of appeal [are] acceptable if they achieve the purpose of providing an effective record. Other acceptable methods of perfecting service include personal service by hand and acceptance of service by the defendant." *Id.* (citing *Gilmore*, 590 A.2d at 1372). *See also McNeilis v. Department of Transportation*, 546 A.2d 1339 (Pa. Cmwlth. 1988) (holding that service could be effected upon state agency by certified mail, return receipt requested).

---

[6] The Pennsylvania Rules of Civil Procedure Nos. 400-430 cited by the trial court govern service of original process to ensure notice and address service generally, in particular actions, upon particular parties and pursuant to special order of court. Relevant here, Rule No. 403 provides for service by mail, and states, in part: "If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail." PA. R.C.P. No. 403. Rule 405(b) requires a return of service to set forth "the date, time, place and manner of service, the identity of the person served and any other facts necessary for the court to determine whether proper service has been made." PA. R.C.P. No. 405(b). Rule No. 405(c) requires that proof of service by mail include "a return receipt signed by the defendant." PA. R.C.P. No. 405(c).

This Court has observed that the methods of service sanctioned in *McNeilis* and *Gilmore* "are practical because, unlike an original process, a petitioner's action is an appeal where all parties are known and the parties are aware of the pending legal issues." *Airo Die Casting*, 706 A.2d at 1283. Stated otherwise, those methods of service do not prejudice the government agency. In the trial court's January 29, 2018, order, it referred to *Fraisar*, 892 A.2d at 78. There, a *pro se* inmate's civil complaint against Department of Corrections employees was dismissed for lack of service. This Court reversed, noting that the Pennsylvania Supreme Court has counseled a "flexible approach" on service where the plaintiff has made a "good faith effort at notice [and] the defendant had actual notice of the litigation and was not otherwise prejudiced." *Id.* Stated otherwise, where service has been attempted in good faith and the recipient has actual notice of the filing, service that does not conform to the applicable requirements will suffice. Here, the service requirements for a local agency appeal have not been established.

Here, in response to the trial court's January 29, 2018, order, McCormick made a record of service by filing a certificate stating that on January 20, 2018, he mailed a copy of his appeal of the Water Authority's decision to DeHaas. At no point has the Water Authority alleged that it did not receive this copy of McCormick's appeal. Instead, it has insisted that McCormick failed to serve a copy of the certificate of service on the Water Authority or its counsel, and "[a]s a result neither the [Water] Authority or its counsel was aware of whether McCormick had taken any action in response to the [trial] court's order." Water Authority Brief at 18. However, the trial court's directive did not require McCormick to send a copy of the certificate of service to the Water Authority or its counsel. Nor did it order McCormick to make personal service upon the Water Authority. The order required,

8

in somewhat vague terms, that McCormick confirm that he effected service of his notice of appeal on the Water Authority so as to vest the trial court with personal jurisdiction over the Water Authority. Without any evidence to the contrary, there is no indication that the Water Authority did not receive the appeal or that service was not effected.

McCormick made a "good faith effort" to serve notice of his appeal. *Fraisar*, 892 A.2d at 78. He timely mailed his appeal to the address provided to him by DeHaas's letter announcing the Water Authority's decision.[7] The letter accompanying the Water Authority's decision provided no instructions on how to effect an appeal thereof. To the contrary, it advised McCormick that he was on his own with respect to when and how to file his appeal to the trial court. The better course is for a local agency to give direction on how to appeal lest it face a due process challenge. Moreover, the trial court's January 29, 2018, order gave the Water Authority actual notice that McCormick had filed an appeal. *See* Trial Court Order, 1/29/2018; O.R., Item No. 21.

The Water Authority makes the bold assertion that service by regular mail is not sufficient, but it has not cited to any supporting case law. In the relevant cases, this Court has observed that the Local Agency Law does not require "certified mail, return receipt requested, as the *exclusive* mode of service with respect to []

---

[7] The Water Authority argues that McCormick mailed his notice of appeal to the wrong address. The letter notifying McCormick of the Hearing Officer's decision used DeHaas's address at 2 West Main Street, Uniontown, Pennsylvania 15401. This is the address to which McCormick mailed his notice of appeal. The Water Authority's brief in support of its petition to strike the default judgment states that DeHaas did not begin practicing at a different address until February 22. Brief in Support of Defendant's Petition to Strike Judgment, Quash Appeal and Award Counsel Fees at 2; O.R. Item No. 13. Because McCormick mailed his notice of appeal on January 20, 2018, it does not appear that he used the wrong address.

9

statutory appeals." *Gilmore*, 590 A.2d at 1372 (emphasis in original).[8] Without knowing whether DeHaas received a copy of McCormick's appeal, we cannot determine whether McCormick's service by regular mail was an appropriate manner of service. Accordingly, we vacate the trial court's order quashing McCormick's appeal and remand the matter to the trial court for an evidentiary hearing.

For the reasons stated above, we affirm the trial court's decision to strike the default judgment entered against the Water Authority. We vacate the trial court's order insofar as it quashed McCormick's appeal and remand the matter to the trial court to determine if DeHaas received notice of McCormick's appeal.

_____
MARY HANNAH LEAVITT, President Judge

---

[8] Nor has our precedent rejected the use of first class mail as a mode of service. Litigants electing to use first class mail do so at their own peril, however, given the challenge of proving that the intended recipient actually received the mail.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Jon McCormick, : 
               Appellant : 
            : 
       v. :   No. 1443 C.D. 2018
            : 
Dunkard Valley Joint Municipal : 
Authority : 

## **O R D E R**

AND NOW, this 24th day of September, 2019, the order of the Court of Common Pleas of Greene County (trial court) dated October 10, 2018, is AFFIRMED insofar as it granted the petition of the Dunkard Valley Joint Municipal Authority to strike the default judgment entered against it. The trial court's order is VACATED insofar as it quashed William Jon McCormick's statutory appeal and this matter is REMANDED for proceedings consistent with the attached opinion.

       Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge